THE STATE OF NEVADA ex rel. JOHN C. FALL *et al.*, APPELLANT, *v.* THE COUNTY COMMISSIONERS OF HUMBOLDT COUNTY, RESPONDENTS.

HUMBOLDT COUNTY SEAT OF JUSTICE — EVIDENCE. A petition having been presented to the county commissioners of Humboldt County to remove the seat of justice as provided by law, (Stats. 1867, 78) and the commissioners having determined, from examinations and affidavits, that petitioners were legal voters, and having thereupon ordered an election: *Held*, on *certiorari*, that the evidence by affidavit was all that was necessary to give the commissioners jurisdiction to make the order; and that, as the question on *certiorari* was confined to jurisdiction, no further inquiry could be made.

Fall *v.* The County Commissioners of Humboldt County.

JURISDICTION THE QUESTION ON CERTIORARI.  The only question which can be inquired into on *certiorari* is whether the inferior board or tribunal had jurisdiction to do the act sought to be reviewed.

RANGE OF INQUIRY ON CERTIORARI.  Where county commissioners were required on receiving a petition of certain voters to do a certain act, and upon receiving a petition and satisfying themselves by evidence that it was from such voters, they did the act: *Held*, on *certiorari*, that they had acquired jurisdiction, and that whether their action was founded upon strictly legal or sufficient evidence, was not within the province of the inquiry.

APPEAL from the District Court of the Fifth Judicial District, Humboldt County.

This was a *certiorari* issued out of the Court below, on the petition of John C. Fall, Thomas J. Hadley, and Joseph Branham. The board of county commissioners of Humboldt County at the time consisted of Robert McBeth, Thomas Thompson, and Henry G. Cavin.  After consideration, the Court found in favor of the commissioners, and the petitioners then appealed.

*Clarke & Wells*, for Appellants.

The commissioners had no power or authority to take any action in the premises, if the petitioners were not *legal voters*.  The only evidence adduced that they were *legal voters* of Humboldt County, was such as was obtained *ex parte* and non-judicially.  Under such circumstances, if any or all of the petitioners swore falsely, no action for perjury would lie.

The theory of the statute is this, that the petitioners therein contemplated must be legal voters of the county.  That fact must exist; it is the *sine qua non* of jurisdiction.  If the Board does not know, by legal proof, that the number of *legal voters* have signed the petition, it cannot act legally.

The only two modes by which the petitioners could legally have been shown to be qualified electors, or legal voters of Humboldt County, were: first, to have shown that they had been legally registered during 1869; or secondly, to have been examined before the commissioners as jurors are examined in and by Courts, and then have shown it.

The board erred, and the writ was properly issued and should have been sustained.  (8 Cal. 58; 18 Cal. 49; 1 Cal. 152, 187.)

*O. R. Leonard,* for Respondents.

[No brief on file.]

By the Court, LEWIS, C. J. :

" Section 1. When any number of legal voters of any county in this State equal to three-fifths of the whole number of votes cast at the last general election in said county, shall petition the board of county commissioners of such county for the removal or location of the seat of justice, the county commissioners shall within fifty days thereafter cause an election to be held at the various places of voting in said county ; said commissioners giving thirty days notice in some newspaper published in the county, or by posting written or printed notices at the several voting precincts in the county. Such notice shall state the time and place of holding, and the purposes for which such election is held. And any election provided for in this Act, may be held on the day of any general election for either State or county officers in such county. The place receiving a majority of all the votes cast at such election shall be declared the county seat. Provided no place receives a majority of all the votes cast, there shall be held a second election for said seat of justice on the second Tuesday thereafter, at which second election the balloting shall be confined to the two places having the highest number of votes at the first election, as provided for in this Act; *provided,* that where the county seat of any county has been located by commissioners, such location shall not be held to be a location by the people." (Stats. 1867, 78.)

In accordance with the requirements of this section, a petition was presented to the county commissioners of Humboldt, and an order was made by them calling an election to be held on the sixth day of December, A.D. 1869. Upon application of appellant, a *certiorari* was issued from the District Court of that county to the commissioners, for the purpose of reviewing the action of the board. Upon the hearing, the Court found that the commissioners had regularly pursued their authority, and rendered judgment accordingly. From that judgment this appeal is taken, appellants relying for reversal upon the sole ground that the evidence taken by the board

to ascertain whether the petitioners were legal voters or not was not competent, or sufficient.

From the record brought up, it appears the commissioners found the petitioners were legal voters ; this conclusion was arrived at by an examination of the petitions, and the affidavit of each petitioner averring the facts showing him to be a legal voter. We can see no possible reason why the board should have required any evidence of that fact beyond the affidavit of the petitioners ; but even if it be insufficient, still they found them to be legal voters—the record shows this—and the only question which can be inquired into here is, whether the board had jurisdiction to call an election. Whether its action was founded upon strictly legal or sufficient evidence, is not within the province of this Court to inquire upon *certiorari.* If the petitioners are legal voters, there is no question but the order was authorized, and it is founded upon proof that they were that is sufficient. Whether the order was supported by the best evidence, or whether it was sufficient, it is not necessary to determine. Judgment affirmed.

By JOHNSON, J. :

I am disposed to follow the rule laid down in the case of *Whitney* v. *Board of Delegates of the S. F. Fire Department*, 14 Cal. 479 ; which affirmed the principle stated by the Court of Appeals of New York, in the case of *The People ex rel. Bodine* v. *Goodwin*, 1 Selden, 568 ; and to the same effect is the case in *Mullins* v. *The People*, 24 N. Y. 403 ; that where the jurisdiction depends upon facts necessary to be established by evidence, such evidence is proper to be considered by the Court reviewing such proceedings on *certiorari.*

And moreover, in such a case I hold that it is competent for this Court to review the facts found by the Court below, upon the evidence properly brought up, as in other civil cases, such evidence tested by the rules which ordinarily govern in the trial of civil causes.

The evidence in this case as appears from the record fully supports the findings of fact ; and the conclusions of law being warranted by such findings, I concur in affirming the order of my associates.