Herrick v. Carpenter.

## HERRICK v. CARPENTER ET AL.

1. **County Seat:** REMOVAL: BOARD OF SUPERVISORS. In determining the sufficiency of a petition for the removal of a county seat, and the genuineness of the signatures thereto, the board of supervisors act in a judicial capacity, but their jurisdiction is limited to a determination of the matters prescribed in the statute, upon the evidence therein specified; they have no power to consider evidence other than the affidavits which accompany the petition and remonstrance.

*Appeal from Louisa Circuit Court.*

WEDNESDAY, SEPTEMBER 22.

THIS is an action of *certiorari* to review the proceedings of the board of supervisors of Lousia county in ordering an election upon the question of the removal of the county seat. The Circuit Court held that the supervisors exceeded their powers in proceedings had which resulted in an order for an election, and reversed such order and required the supervisors to pro-

ceed anew in the manner prescribed by the law as declared in the judgment of the court. From this judgment the supervisors appeal.

*R. H. Hanna, Arthur Springer,* and *Wright, Gatch & Wright,* for appellants.

*Tatlock & Wilson, Hurley & Hale,* and *Putnam & Rogers,* for appellee.

BECK, J.—I. The plaintiff filed an amended abstract setting out matters which, he alleges, appear in the record and are not shown in the defendants' abstract. The defend-

1. COUNTY seat: removal: board of supervisors.

ants also file an additional or further abstract. Each of these additional abstracts is assailed by the oposite party by a motion to strike, each motion being based mainly on the ground that the abstract assailed was not filed within proper time. In view of the peculiar facts and condition of the case, which need not be here stated, we think each motion should be overruled and that the several abstracts should be permitted to stand.

The plaintiff challenges the correctness of the defendant's original and additional abstract, and defendants deny that plaintiff's amended abstract is correct. We are, therefore, required to examine the record on file in this court to determine one or two disputed facts. In the view we take of the case our inquires need not, extend to other matters. This will result in a decision here on the merits of the case and the determination of a rule of law upon which the rights of the parties rest, a result with which both parties ought to be satisfied, but which, we think, both parties seek to avoid by the motions we have just determined.

The petition alleges that the defendants exceeded their jurisdiction and acted illegally in, among other things, considering and refusing to strike from the files all affidavits submitted in the case, other than those attached to the remonstran-

ces, as required by Code, § § 282 and 283, tending to show that the remonstrants, or some of them, were not legal voters, or their signatures were not genuine. The questions raised by this objection to the proceedings of the board need alone be considered, as, in the view we take of the case, its determination will settle the rights of the parties so far as they are involved in this action. The record discloses the fact that the supervisors, in passing upon the remonstrances, did consider affidavits other than those attached to such remonstrances and required by the statute, for the purpose of determining whether the remonstrants were legal voters, and whether their signatures to the remonstrances were genuine, and that upon such proof names were stricken from the remonstrances. If this had not been done, the names of the remonstrants would have exceeded the names of the petitioners. We are to determine whether this action was in excess of the power of the supervisors, and, therefore, illegal.

II. We may premise by saying that the determination of the sufficiency of the remonstrances and the number of names signed thereto was a judicial act. See *Baker et al. v. The Board of Supervisors of Louisa County*, 40 Iowa, 226; *Bennett et al. v. Hetherington et al.*, 41 Iowa, 142; it may, therefore, be reviewed by *certiorari*. Code, § 3216.

III. The following provisions of the Code, applicable to the question before us, demand construction:

" Sec. 281. Whenever the citizens of any county desire a relocation of their county seat, they may petition their board of supervisors respecting the same at any regular session.

" Sec. 282. Such petition shall designate the place at which the petitioners desire to have the county seat relocated, and shall be signed by none but legal voters of said county, and shall be accompanied by affidavits sufficient to satisfy said board that the signers are all legal voters of said county, and that the signatures on said petition are all genuine.

" Sec. 283. Remonstrances, signed by legal voters of the

county only, and verified in like manner as the petition, may also be presented to the board. If the same persons petition and remonstrate, they shall be counted only on the remonstrance, and if a greater number of legal voters remonstrate against the relocation than petition for it, no election shall be ordered."

Are the supervisors, under these provisions, authorized to receive and consider affidavits other than those accompanying the remonstrance when filed? This is the question presented for our decision.

It will be observed that the petition and remonstrance are to be verified in the same way, by affidavits accompanying them when filed, which shall be sufficient to satisfy the "board that the signers are all legal voters of the county, and that the signatures on the petition are all genuine."

It is plain that the statute requires that the supervisors shall consider these affidavits in deciding what names appearing upon the petition and remonstrance shall be counted. There is no authority found in these or other provisions of the statutes authorizing the supervisors to consider other proof upon the subject. The proceeding for the relocation of a county seat is special in its character, and the supervisors can exercise no powers therein other than those conferred by the statute creating it. *Loomis v. Bailey*, 45 Iowa, 400.

While the power exercised by the supervisors in counting the names is judicial in its character, it is exercised in a special proceeding, and upon proofs expressly prescribed. It cannot be claimed that the supervisors have authority to determine the questions of fact arising upon the count of names in the manner pursued in courts of general jurisdiction. There is no provision authorizing the formation of issues or providing for a trial. In short, we find nothing in the statute authorizing the supervisors to go beyond the consideration of the affidavits accompanying the petition and remonstrance in counting the names appearing upon these papers.

A different conclusion would authorize counter affidavits in support of the petition and remonstrance, for if they may be assailed by affidavits, surely they may be supported in the same manner. Issues in that case could be tried upon *ex parte* proof, a mode of trial not recognized by the common law. A trial in this manner would be long protracted, and subject to great uncertainty.

It may be claimed that the supervisors, at their discretion, may cause issues to be formed, which shall be tried in the manner authorized for trial in the courts. The supervisors are not a tribunal before which such a trial could be safely had. It would be almost interminable, and subject the parties to great delay and expense. It is surely not contemplated by the statute. But nothing of the kind was had or proposed in this case.

It is claimed that the supervisors, if confined to the consid-. eration of the affidavits filed with the petition and remonstrance, may be required to count the names that are not genuine, or names of those who are not legal voters. This position is based upon the supposition that the affidavits accompanying the petition and remonstrance are false. But we are not to base a rule of law upon the presumption that men will commit perjury. We must rather presume that they will swear truly. These affidavits may be false. So the affidavits, if permitted, assailing the sufficiency of the petition and remonstrance may not be true, and the supervisors thereby would be led into error. We have as much authority to presume there would be false swearing on one side as on the other. The argument leads to no satisfactory conclusion.

Code, section 282, provides that the affidavits accompanying the petition and remonstrance shall be " sufficient to satisfy " the supervisors that the names are genuine signatures of legal voters of the county. Upon these affidavits they are to decide what names are to be counted. It may be, but the point is not in the case and we do not decide it, that if the affidavits be

false as to one or more names within the personal knowledge of the supervisors, such names may be rejected.

The power of the supervisors is not unlike that exercised by judges of elections, who are not authorized to take evidence other than that expressly prescribed by the statute, as to the right of a citizen to vote. Indeed, the proceeding before the supervisors is not unlike an election. The purpose is to ascertain the will of the people, and provide for proceedings looking to the removal of the county seat upon the petition of a majority of the voters. The petition and remonstrance, it may be said, constitute proceedings for holding a kind of an election; it is proper, therefore, to apply the rules relating to elections to these proceedings, so far as they are applicable.

We think good policy, as well as its express language, demands the construction we give the statute in question. The bitterness of these county seat controversies would be increased by the war of affidavits which would follow if the position advocated by counsel for defendants be sustained; we think the ends of justice would not be more surely attained thereby than under the rule we adopt.

But, however this may be, we are satisfied that the statute requires the decision of the supervisors to be based upon the affidavits filed with the petition and remonstrance, and possibly, though we do not so decide, to matters within their own personal knowledge. Farther they may not go in their inquiries. Whether the provision be wise or unwise, it is not important to inquire. The decision of the Circuit Court, being in accord with these views, must be

AFFIRMED.