[No. 13172.  In Bank.—December 18, 1890.

JACKSON EBY, RESPONDENT, v. BOARD OF SCHOOL TRUSTEES OF RED BANK SCHOOL DISTRICT, TEHAMA COUNTY, ET AL., APPELLANTS.

MANDAMUS—QUESTION OF TITLE—DISCRETION. — Although *mandamus* is not the appropriate remedy to determine the question of title to real estate, where such title is directly in issue, yet where the question is incidental merely, and may affect the discretion of the court in awarding or denying the writ, it is proper that the court should be satisfied upon the subject.

ID. — DEFENSE — DENIAL OF TITLE — POSSESSION OF DEFENDANT — DISMISSAL. — Where possession of the defendant appears, which is *prima facie* evidence of title, the question whether it is based upon a paramount title or not cannot be put in issue or litigated in a *mandamus* proceeding, nor can the defendant ask for a dismissal of the proceeding on the sole ground that by the answer the title to real estate is put in issue.

ID. — SCHOOL-HOUSE SITE — TITLE TO LOT. — In a proceeding for a writ of mandate to a board of school trustees to compel them to proceed to rebuild upon the old site a school-building which had been destroyed by fire, where it appears that it was resolved, at a meeting of the electors of the district, that the site should not be changed, and the district had been for a number of years in possession of the lot, using it for school purposes, under such circumstances as to authorize its continued use for such purposes, the trustees cannot raise the question of title to the lot, or plead that the district had no title thereto, as a defense to the proceeding.

ID. — EVIDENCE — POSSESSION — DEDICATION. — In such proceeding, evidence tending to show the possession of the property by the school district,

and that it was dedicated to the district for school purposes, is admissible to enable the court to ascertain whether or not it should, in its discretion, grant the writ.

ID. — PARTIES — TAX-PAYER — LOCATION OF SCHOOL-HOUSE SITE. — A taxpayer of a school district, whose children attend the school, is a party "beneficially interested," under section 1086 of the Code of Civil Procedure, providing for the issuance of a writ of mandate "on the application of a party beneficially interested," and may maintain a proceeding for a writ of mandate to compel the board of school trustees to comply with the instructions of the electors as to the location of the school-house site.

ID. — EQUITABLE REMEDY. — The existence of an equitable remedy does not deprive a party of the legal remedy of *mandamus*.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John F. Ellison*, for Appellants.

Evidence that the school district owned the lot was inadmissible. (*Babcock* v. *Goodrich*, 47 Cal. 509; *Weaverville Wagon Road Co.* v. *Board of Supervisors*, 64 Cal. 70.) Eby is not entitled to the writ, because not beneficially interested, or more interested than any other citizen of the district. (Code Civ. Proc., sec. 1086; *Linden* v. *Alameda Co.*, 45 Cal. 7; *Ashe* v. *Board of Supervisors*, 71 Cal. 236; *People* v. *Inspectors*, 4 Mich. 187; *People* v. *University*, 4 Mich. 98; *San José Ranch Co.* v. *Brooks*, 74 Cal. 463; *McCloskey* v. *Kreling*, 76 Cal. 511; *Marini* v. *Graham*, 67 Cal. 131.) *Mandamus* will not lie to restrain the school trustees from building the house which they are building, or to undo what they have done. (*People* v. *Inspectors*, 4 Mich. 189, 190.)

*Chipman & Garter*, for Respondent.

The court may inquire as to possession, which is *prima facie* evidence of ownership, and defendant cannot resist the *mandamus* proceeding by a denial of title. (*Babcock* v. *Goodrich*, 47 Cal. 507; *Weaverville Wagon Road Co.* v. *Board of Supervisors*, 64 Cal. 70.) The

school-house site was dedicated to school purposes, and the dedication did not require a writing or a donee to take title. (*School District* v. *Heath*, 56 Cal. 478; *New Orleans* v. *United States*, 10 Pet. 712; *Bryant* v. *McCandless*, 7 Ohio, 476; *Klinkner* v. *School District*, 11 Pa. St. 449; 2 Dillon on Municipal Corporations, sec. 510.) The plaintiff is beneficially interested. (*Maxwell* v. *Board of Supervisors*, 53 Cal. 389; *Hyatt* v. *Allen*, 54 Cal. 360; *Union Pacific R. R. Co.* v. *Hall*, 91 U. S. 354.) *Mandamus* is the appropriate remedy in this case to compel the trustees to obey the instruction of the electors, whose action was final, the trustees having refused to perform their duty. (*Newby* v. *Free*, 72 Iowa, 379; *McConkey* v. *Laub*, 71 Iowa, 636.)

WORKS, J. — This is a proceeding for a writ of mandate to the board of school trustees of Red Bank school district, in Tehama County, and the members thereof, — A. W. Coffman, C. L. Allen, and Alfred McClure, — commanding them to immediately proceed with the erection and construction of a school-building upon a certain lot within said school district, of which the district is alleged to be the owner, and to complete the same within a reasonable time.

The verified petition for the writ states, among other things, substantially the following: That some years prior to October 14, 1886, the district had built and occupied a school-house on a lot therein described; that on October 14, 1886, said school-house had been destroyed by fire; that in April, 1887, the board of trustees called a meeting of the qualified electors of the district, of whom petitioner is one, to be held on the twenty-fifth day of April, 1887, "for the purpose of determining a proposition to change the location of the school-house of said district from the said old site to a position a little less than one half mile south thereof"; that due notice of such meeting was given by posting notices as required by

law; that said meeting was held at the time and place appointed, and was organized by electing J. G. Allnut chairman, and A. W. Coffman, being the clerk of said district, acted as secretary; that it was resolved by a majority vote of the electors at said meeting that the site of the school-house should not be changed, but should remain upon the lot occupied by the house which had been destroyed by fire, and that the trustees of the district be " instructed to erect any school buildings or structures contemplated or proposed to be erected upon the location and at the place above described, and not elsewhere," and that the minutes of the meeting be entered upon the records of said district; that the secretary, Coffman, neglected and refused to keep the minutes of the meeting, or to enter them upon the records of the district; that bonds of said district had been issued and sold for the purpose of raising money to build a school-house in and for the district, and that upon the first day of December, 1887, the proceeds of the sale of the bonds, amounting to $810, were deposited in the county treasury of Tehama County to the credit of the district, and subject to be applied to the building of such school-house; that petitioner has demanded of the board and the several members thereof that they " proceed with the erection and construction of said school-house upon the premises known as the old site," but that they have neglected and refused so to do, and, contrary to the instructions and resolutions of said meeting, are proceeding to build a school-house at another and different place, and to use and apply the funds aforesaid for that purpose; that by the refusal of the board to build on the old site, and the building in a different place, taxation upon the property of the district will be increased, the property of plaintiff will be injuriously affected,and the school privileges and opportunities of the children of plaintiff will be greatly delayed and impeded, and the plaintiff is, and will be, greatly and irreparably injured and damaged, he being the

owner of a large amount of taxable property in said district, and having children that are entitled to attend school therein.

The answer of the board, and of a majority of its members, denies that at the meeting held on April 25, 1887, the electors of the district resolved not to change the site of the school-house, or that the board was instructed by that meeting to proceed to build on the old site, and alleges, on the contrary, that a resolution offered at that meeting to instruct the trustees to build on the old site was defeated by a majority of one vote; denies that the secretary neglected or refused to keep or record the minutes of that meeting, and alleges on the contrary, that the secretary did take the minutes of that meeting, and duly recorded them in the proper book of the district; denies that the district owns the old site; denies that by building on a different site taxation on the property of the district will be increased, or that plaintiff will be injured or damaged; alleges that, subsequent to the meeting of April 25th, another meeting was duly called and advertised for June 6, 1887, which was duly held on that day, for the purpose of determining as to a change of the school-house site, and at which it was unanimously resolved to instruct the trustees to build the school-house on the new site, a little less than half a mile south of the old site, where the trustees have commenced to build it.

The court found for the plaintiff on all the material issues, and awarded a peremptory mandate, which, after reciting the facts found, is in the following language: "Therefore, we do command you that, immediately after the receipt of this writ, you proceed with promptness, diligence, and dispatch to construct and erect upon the said premises, location, and site hereinbefore particularly described, a school-house in and for said Red Bank school district, and to use and apply the said fund now deposited in the treasury of the county of Tehama, state of California."

The appeal is from the judgment, and from an order denying defendants' motion for a new trial.

The answer of the defendants denied that the school district owned the land on which the old school-house stood. It is contended by the appellants that the question of title to real estate could not be tried in a *mandamus* proceeding, and that therefore, upon an answer being filed raising the question of title, the proceeding should have been dismissed. It is true that, where a question of title to real estate is directly in issue, *mandamus* is not the appropriate remedy to determine such question. (*Babcock* v. *Goodrich*, 47 Cal. 508; *Weaverville Wagon Road Co.* v. *Board of Supervisors*, 64 Cal. 70.) But where the question is incidental merely, and may affect the discretion of the court in awarding or denying the writ, it is proper that the court should be satisfied on the subject. Here it appeared that the district was, and had been for a number of years, in possession of the school lot, using it for school purposes, under such circumstances as to authorize its continued use for those purposes. The mere fact of possession was *prima facie* evidence of ownership. Whether such possession was based upon a paramount title or not was a question which could not be put in issue by the answer and litigated in this proceeding, nor could the defendant ask for a dismissal on the sole ground that by its answer the title to real estate was put in issue. In *Weaverville Wagon Road Co.* v. *Board of Supervisors*, 64 Cal. 70, it was said: "It appears, by the findings, that the plaintiff was incorporated in 1863, and that it in some way obtained possession of the wagon-road which it was incorporated to construct and operate, and that it has ever since retained the possession of it. Such possession was *prima facie* evidence of ownership. Whether based upon paramount title or not was a question which could not be inquired into, except in an action or proceeding in which some person who claimed a better title was a party; and

that it could not be tried by a board of supervisors, nor in a proceeding to determine whether a mandate should issue to compel the performance by said board of a duty imposed upon it by law. The question of title can be inquired into and determined in a proper proceeding, but clearly not in this." So in this case, if the proper residents in the school district had taken the necessary steps to impose upon the board of trustees the duty of constructing the school-house on this property, the board could not evade the performance of its duty by asserting that the district had no title to the property. It was not a question for the board to pass upon. It was enough that they were directed in the manner provided by law to erect the school-house, and they should have acted accordingly. (Pol. Code, sec. 1617, subd. 20.)

Certain evidence tending to show the possession of the property by the school district, declarations of the owners of the land tending to show a dedication of the property to the district for school purposes, and other like testimony, was admitted, and it is claimed by the appellant that this was error, for which the cause should be reversed. As we have said, the question whether the school district had or had not a good title to the property was one not proper to be litigated in this action. But it was entirely proper for the court below to be assured, by proper evidence, that the possession of the district was such as to secure to it the continued use of the property in case a school-house should be constructed upon it, in order to determine whether the court should or should not, in its discretion, award the writ. For this purpose the evidence was proper, although not necessary to the plaintiff's case.

Other items of evidence admitted are objected to, but we find that no error was committed in ruling upon the evidence for which the case should be reversed.

It is insisted that the finding that the school district was the owner of the land was not sustained by the evi-

dence.   We think the evidence was sufficient to show a dedication and acceptance of the property, and the adverse use of it, for school purposes, sufficient to sustain the finding; but if it were not, as the question of title was one not proper to be litigated in this action, an erroneous finding on the point would not be cause for reversal.

Other findings are attacked for the same reason, but we think all of the findings necessary to justify the issuance of the writ are sustained by the evidence.

Appellants' counsel further contend that, inasmuch as it does not appear that respondent's taxes will *not* be increased by the matters complained of, he is not a party beneficially interested, in the sense of section 1086 of the Code of Civil Procedure, which requires the writ of mandate to be issued " upon affidavit, on the application of the party beneficially interested," and therefore that the proceeding cannot be maintained upon his application in his name alone.

There can be no doubt upon the findings, which are justified by the evidence, that it was the duty of the board of trustees to build the school-house upon the old site, as instructed by the meeting of April 25, 1887, within a reasonable time after the money for that purpose had been deposited in the treasury; and that a reasonable time within which to commence the building had elapsed before the commencement of this suit is sufficiently evinced by the admitted fact that the trustees had commenced to build on another site than that selected by the meeting of April 25th, before the commencement of this suit.

The interest of the plaintiff in the performance of this duty by the trustees of the district resulted from his being a resident elector of the district having a family of minor children entitled to school privileges therein. After the site for the school-house had been lawfully established and fixed by the meeting of the electors, he was entitled to all the benefits and conveniences inci-

dentally resulting therefrom to him individually, besides his interest in common with other residents of the district in having the trustees perform an official duty enjoined by law for the common benefit of all. It is claimed, however, that if the removal of the school-house works a detriment to him it must effect a corresponding benefit to others equally entitled to such benefits, and therefore that he has no right to complain. This may be true in the case of a lawful location or removal of a school-house, but it is not true in case of an unlawful removal; for while all would be entitled to the benefits and conveniences accruing from a lawful location or a lawful removal of a school-house, no one would be *entitled* to any benefit from an unlawful removal. It is true that the injury to respondent is the same in kind as that suffered by all others from whose residences the new site is more distant than the old, if any such there are, and this seems to be the only plausible ground upon which it is contended that respondent is destitute of the beneficial interest necessary to the prosecution of this action in his own name, and the case of *Linden* v. *Alameda County*, 45 Cal. 7, is cited to sustain this position. That was a case of *mandamus* to compel the board of surpervisors to order an election to determine the question of removal of the county seat, on the petition of 1,452 of the qualified electors of the county, of whom the applicant for the *mandamus* was one.

In sustaining a demurrer to the application, the court held that the words "on the application of the party beneficially interested," as used in section 1086 of the Code of Civil Procedure, necessarily mean that the interest of the applicant "must be of a nature which is distinguishable from that of the mass of the community"; and further said: "The party applying here appears to have no interest, beneficial or otherwise, other than such interest as each one of the 1,451 persons, besides himself, who signed the petition to the board of supervisors, may

be said to have. . . . . The interest of each and all of them is only the general interest that every citizen has in the proper discharge of public duties confided by law to public officers. Obviously this is not such an interest as would support an application by any private citizen who may see fit to volunteer to bring a suit in behalf of the public interests."

But the principle announced in *Linden* v. *Alameda County*, 45 Cal. 7, has been disregarded, and, in effect, that case has been overruled by later cases. The point decided in that case is, that, to entitle a private party to apply for a writ of mandate, his interest in the subject-matter of the suit must be of a different nature from that of the mass of the community. Yet in *Hyatt* v. *Allen*, 54 Cal. 353, which was an application to this court for a writ of mandate to the assessor of the city of Stockton, in which the applicant appeared to have no other interest than that of a tax-payer, in common with all other tax-payers of that city, this court, through Mr. Justice Sharpstein, said: "We think that the petitioner, who is a tax-payer within the district of which respondent is assessor, is 'a party beneficially interested' in having all the taxable property in the district assessed, and is therefore a proper party to make the affidavit for the issuance of the writ in this case."

In *Maxwell* v. *Supervisors*, 53 Cal. 390, which was a proceeding for a writ of review to the board of supervisors to review the action of that body in behalf of the county of Stanislaus in entering into a contract for printing, in which the applicant was interested only as a tax-payer, in common with all other tax-payers of the county, the objection that the applicant was not "beneficially interested," within the meaning of section 1069 of the Code of Civil Procedure, was overruled. The language of section 1069 as to the "beneficial interest" of the applicant for a writ of review is identical with that of section 1086, relating to the inter-

est of the applicant for a writ of mandate, and no reason is perceived why it has not the same meaning in both sections.

These cases wholly disregard, and are utterly inconsistent with, the rule announced in *Linden* v. *Alameda County*, 45 Cal. 7, since the beneficial interest of one taxpayer in a question of taxation is not different in kind or nature from that of the mass of tax-payers, or from that of any other tax-payer, in the same district or community.

These later cases seem to be in accord with the weight of authority in other states and in England, as stated by Mr. Justice Strong in delivering the opinion of the court in the case of *Union Pacific R. R. Co.* v. *Hall*, 91 U. S. 354, in which *mandamus* was maintained at the suit and in the name of two merchants to compel the respondent to operate its road across the Missouri River, etc., although these merchants had no interest in the proceeding, except to receive and ship goods over the road, as did all other merchants engaged in like business. (See also Dillon on Municipal Corporations, 3d ed., sec. 865, and notes.) Besides, in this case, the respondent, as one of the patrons of the school, has, as such, an interest in the erection of the school-house, other than that of a mere tax-payer, and his interest may have been different from that of any other tax-payer in that the removal of the school-house to a distant place might have deprived his children of the benefit of attending the public schools.

The nuisance cases referred to are not in point. The rule as to the requisite interest of a plaintiff in this class of cases is specifically prescribed by section 3493 of the Civil Code, which does not apply to cases of *mandamus*.

If the respondent has not the requisite beneficial interest to enable him to maintain this action in his own name, no other person, except the district corporation, has, and that corporation is controlled by the defendants. Therefore there is no remedy at law whatever, in favor

of any party, unless the respondent can maintain this action. Perhaps the illegal diversion and use of the building fund might be enjoined by a court of equity at the suit of a member of the district corporation, but this would not be an adequate remedy; and even if it were, it is well settled that an equitable remedy does not deprive a party of the legal remedy of *mandamus.*

Judgment and order affirmed.

FOX, J., McFARLAND, J., and SHARPSTEIN, J., concurred.

PATERSON J., concurring.—I concur in the judgment. I do not understand that *Linden* v. *Alameda County*, 45 Cal. 7, has been overruled by the decision in any later case, and it seems to me the cases are distinguishable. A tax-payer has an interest "which is distinguishable from that of the mass of the community." Every citizen has an interest "in the proper discharge of public duties"; but every citizen is not the owner of property taxed for state or municipal purposes.

THORNTON, J.—I agree with Mr. Justice Paterson, and concur in the judgment.

Rehearing denied.