## STATE ex rel. BEALL v. ELLIS et al.

[Submitted December 10, 1894. Decided January 28, 1895.]

TAXATION—*Powers of board of equalization.*—The act of February 24, 1893 (3d sess., p. 64), amendatory of sections 58 and 59 of an act concerning revenue, approved March 6, 1891, provides a new mode for the appointment of appraisers, but did not alter or amend in any respects sections 60 and 61 of the act of 1891. Section 61 of this act gave the board of equalization the "power, after giving notice in such manner as it may by rule prescribe, to increase or lower any assessment contained in the assessment-book," and this power the board of equalization still has under the amended law.

SAME—*Discretion of board of equalization—Certiorari.*—An alleged abuse of discretion by the board of equalization, in raising, without sufficient evidence, the valuation of property assessed for taxes, cannot be inquired into by the supreme court on writ of *certiorari*.

CERTIORARI to review the action of the board of commissioners and clerk of the county of Gallatin in fixing the valuation of the relator's property. Dismissed.

*E. P. Caldwell,* for Relator.

*J. C. Luce, H. J. Haskell,* and *Ella L. Knowles,* for Respondents.

PEMBERTON, C. J.—This is an application for a writ of *certiorari.* The applicant is a resident taxpayer in the city of Bozeman in the county of Gallatin. The respondents comprise the board of county commissioners and the clerk of said county. The applicant is the owner of considerable real estate situate in said city of Bozeman. He alleges that about the nineteenth day of February, 1894, the board of appraisers of said county met and fixed the valuation of said real estate for said year, which he says was the true and fair value thereof; that thereafter the assessor of said county listed said real estate, and assessed the same in accordance with the valuation thereof fixed by said board of appraisers, and duly returned the same as so listed and assessed. That on or about the thirty-first day of July, 1894, the respondents, acting as the board of equalization of said county, raised the valuation of said real estate, as fixed by said board of appraisers, and listed, assessed, and returned by said assessor. Notice of the intention of said board of equalization to raise or increase the valuation of the real estate of the applicant was duly served upon him, and he appeared before said board in pursuance thereof, and protested in writing against this contemplated action of said board. The applicant offered no evidence in support of his protest showing that any injury or injustice would result to him from the action of the said board, nor does he complain in this court that any injury or injustice has resulted from said action of said board. In his protest filed before said board of equalization the applicant contended, and in his application for the writ of *certiorari* in this court contends, that said board had no jurisdiction to raise or increase the valuation of his real estate, for the reason that the board of appraisers had fixed the true and fair value of said property.

Counsel for applicant, in their brief, say: "This cause depends upon a construction of sections 60 and 61, page 96, of the laws of 1891 of Montana, and the act amendatory thereof in laws of 1893, page 64." Section 60, above referred to, provides that the board of county commissioners shall be the board of equalization, "to examine the assessment-book and adjust and equalize the valuation of the taxable property of the county"; and also fixes the time when said board shall meet, and says how long it shall remain in session. Section 61, *supra*, is as follows: "The board has power, after giving notice in such manner as it may by rule prescribe, to increase or lower any assessment contained in the assessment-book, so as to equalize the valuation of the property contained therein and make the assessment conform to the valuation of such property. Said board of county commissioners is vested with full power to make any changes in the valuation of property, whether such change relates to an entire class or to particular items of property, real or personal, and they shall make such changes as will result in a fair valuation of property within the meaning of this act." The act of 1893, referred to in applicant's brief, is an "act entitled an act to amend sections 58 and 59 of an act entitled an act concerning revenue, approved March 6, 1891." Said sections 60 and 61 being parts of the act amended. Said amended sections 58 and 59 of the act of 1891 provided that the chairman of the board of county commissioners, the county assessor, and a reputable citizen to be elected by the first two named officers, should constitute a board of appraisers, whose duty it should be to fix the valuation of all real estate within the county for the purpose of assessment by the county assessor, which valuation, so fixed by said board of appraisers, should constitute the "value" or "true value" of such real estate. Section 59, *supra*, merely fixed the compensation of the third member of said board elected by the chairman of the board of county commissioners and the assessor. The act of 1893, amendatory of sections 58 and 59, provided that the board of appraisers should be appointed by the judge of the district court, instead of the way provided for its appointment in section 58 of the act of 1891. The act of 1893 did not enlarge the powers of the board of

appraisers, but gave to it the same powers as provided in section 58 of the act of 1891, namely, "to fix the valuation of real estate in the county for the purposes of assessment by the county assessor, which valuation so fixed by said board of appraisers shall constitute the value or 'true value' of such real estate." The act of 1893 provided a different manner and authority to appoint and constitute the board of appraisers. The act of 1893 did not alter or amend in any respects sections 60 and 61 of the act of 1891, or abridge the powers of the board of equalization. Section 61 of the act of 1891 gave the board of equalization the "power, after giving notice in such manner as it may by rule prescribe, to increase or lower any assessment contained in the assessment-book." This power this board still has under the amended law. We are therefore of the opinion that the board of county commissioners, acting as a board of equalization, had the power or jurisdiction to raise or increase the valuation of the real estate of the applicant in this case.

The applicant also contends that the respondents took no evidence as to the value of real estate in said county before raising or increasing the valuation of his property; that to authorize said increase the board should have taken evidence of such value.

The respondents, in their return, say they had before them the assessment-books of the years 1893 and 1894, and that, by a comparison thereof, it was shown that the real estate situated in the city of Bozeman was assessed for the year 1894 at a rate of about forty per cent lower than for the year 1893, while the real estate outside of said city was assessed at the same rate for both of said years; that they also acted upon their personal knowledge of the value of real estate in said county, and that their action was had solely for the purpose of equalizing the assessment of real estate in said county. The board, from this showing, had some evidence before it upon which it acted in the premises. Our statute does not require, in terms, that the board in such cases shall take evidence.

It may be contended that the board acted without sufficient evidence, and therefore without proper discretion. But, if this

be true, we cannot, in this proceeding, inquire into an abuse of discretion by the board.

The writ of *certiorari* heretofore issued in this case is dismissed.

*Writ dismissed.*

DE WITT, J., and HUNT, J., concur.