Hon. William H. Hunt,
Hon. William T. Pigott, } Associate Justices.

STATE OF MONTANA, ex rel. AMOS BUCK, Appellant, *v.* THE BOARD OF COUNTY COMMISSIONERS OF RAVALLI COUNTY, Respondent.

| 21 | 469 |
|---|---|
| 21 | 483 |
| 21 | 486 |
| 21 | 469 |
| 122 | 244 |
| 21 | 469 |
| 23 | 174 |
| 21 | 469 |
| 24 | 498 |
| 24 | 553 |

[Submitted Oct. 3, 1898. Decided Oct. 10, 1898.]

*Certiorari—Interest of Applicant—County Commissioners— Exercise of Judicial Functions—Affidavit—Sufficiency.*

1. Code of Civil Procedure Section 1942, providing that an application for a writ of *certiorari* must be made on affidavit by a party beneficially interested, does not require that affiant's interest shall be distinguishable from the mass of the community, when the matter sought to be reviewed affects the people generally, and the object of the writ is to inquire into the performance of a duty owing to the public.

469

2. Where a board of county commissioners, in pursuance of Political Code, Sections 4157, 4158, decides whether a petition presented to them for the submission of the removal of the county seat to the electors of the county is signed by a sufficient number to require them to submit the question to an election, it exercises judicial functions, within the meaning of the Code of Civil Procedure, Section 1941, providing that a writ of review may be granted when an inferior board, exercising judicial functions, has exceeded its jurisdiction.

3. An affidavit for a writ of *certiorari* to review a decision of county commissioners that a petition was signed by the required number of electors to justify their submitting the question of removing the county seat to an election stated that the board refused to receive evidence of the right of the persons signing the petition; that there was no evidence of the number of signatures required, nor of how many signers were qualified; but it was not stated that objection was made to the petition, nor that any evidence was offered, nor that the board was not advised of the number of signatures required. It also stated that before the petition was acted on the affiant's offer of evidence that a large number of signers was disqualified was rejected, but it did not indicate that, if the evidence was allowed, it would reduce the number qualified to less than was required, nor show that affiant objected to the petition while it was pending before the board, though he had opportunity to attack it. *Held*, the affidavit was insufficient where the petition bore the required number of names, and recited that the signers were qualified, since, in the absence of an objection and of fraud, which did not appear, it indicated that the board had regularly pursued its authority, and by Code of Civil Procedure, Section 1947, the review on such a writ was to determine whether they had or not.

*Appeal from District Court, Ravalli County; Frank Woody, Judge.*

. Application by the state, on the relation of Amos Buck, against the board of county commissioners of Ravalli county, for a writ of *certiorari*. From a judgment quashing the writ, relator appeals. Affirmed.

*H. C. Stiff, L. J. Knapp* and *C. B. Calkins*, for Appellant.

*C. B. Nolan, R. Lee McCulloch* and *Robt. O'Hara*, for Respondent.

The plaintiff does not appear to be a party beneficially interested. The affidavit states, "that he is, and has been for more than one year last past, a resident taxpayer and qualified elector of the village of Stevensville, county of Ravalli and state of Montana; and as such is beneficially interested in the location of the county seat of said county." "The application must be made on affidavit by the party beneficially interested." Section 1942, Code of Civil Procedure. This necessarily means that in the appli-

cation made by a private party, his interest must be of a nature which is distinguishable from that of the mass of the community. (*Linden* v. *Alameda County*, 45 Cal. 7 (and cases cited); *Ashe* v. *Board of Supervisors*, 71 Cal. 237; *Parmenter* v. *Bourne*, 35 Pac. 590; *Marini* v. *Graham*, 67 Cal. 130; 4 Ency. Pl. and Pr. 172; *Conklin* v. *Fillmore County*, 13 Minn. 454.) Does it appear from the affidavit of plaintiff that his interest is distinguishable from that of any other resident of the county? The writ should have been addressed to the board instead of the members, as the proceeding contemplated by the code is a proceeding against a tribunal instead of the members composing it. (*Onesti* v. *Freelon*, 61 Cal. 627; *Frazer* v. *Freelon*, 53 Cal. 644; *State* v. *District Court*, 13 Mont. 422; 4 Ency. Pl. and Prac. 177.) It does not appear from the affidavits that the defendants exercised judicial functions, or if they did that they exceeded their jurisdiction in making the order. The board of county commissioners are not invested with judicial power. Citing Section 1941, Code of Civil Procedure; Section 1, Article 3, Constitution. "The judicial power in New Mexico, Utah, Washington, Colorado, Dakota, Montana and Wyoming shall be vested in a supreme court, district court and in justices of the peace." This has been construed to exclude county commissioners in the following cases: (*Hedges* v. *Commissioners*, 4 Mont. 291; *Rupert* v. *Board County Commissioners*, 2 Pac. 720 (Idaho); *Ferry et al.* v. *King County et al.*, 26 Pac. 538 (Wash.); *Rodgers* v. *Hayes et al.*, 32 Pac. 259 (Idaho); *Spencer* v. *County of Sully*, 33 N. W. 97 (Dakota.) The authorities all agree that the action to be reviewed by the writ must be judicial. (*In re* Saline County Subscription, 100 Am. Dec. 338 (45 Mo. 31); 4 Ency. Pl. and Pr. 76.)

PIGOTT, J.   Buck applied to the court below for a writ of *certiorari* to the board of county commissioners of Ravalli county. The affidavit upon which the application was made states that Buck is a resident, taxpayer, and qualified elector of Stevensville, county of Ravalli, and as such is beneficially

interested in the location of the county seat of that county; that on March 9, 1898, a petition was presented to the board, asking that the county seat be changed from Stevensville to Hamilton, and that an election be ordered to determine whether such removal should be made; that on the filing of the petition the board made and caused to be entered in the journal an order that the question of the removal of the county seat as prayed for be submitted to the qualified electors of said county at the next general election, to be held in November, 1898; that at the last general election held in November, 1896, 1,875 votes were cast in Ravalli county; that the petition presented was not signed by a number of qualified electors of the county equal to one-half of the number of votes cast at the election of 1896, nor was it signed by a greater number of qualified electors than 700; that in acting on the petition and in making the order the board failed and refused to receive or consider any evidence showing or tending to show that the persons signing were or were not, electors; that in acting upon the petition and making the order the board had before it no evidence showing either the number of votes cast in the county at the last general election, or how many of the persons whose names were signed to the petition were electors of the county; that, before the petition was acted upon, Buck appeared before the board, "and offered to present evidence of the disqualification as electors of Ravalli county of a large number of the signers of said petition, which offer was by said board of commissioners then and there rejected;" and prays that a writ of *certiorari* issue. The writ was issued. Respondent board moved that it be quashed, for the reasons: First, that it does not appear that Buck is the party beneficially interested; secondly, that it does not appear that respondent exercised any judicial function in acting on the petition; thirdly, that it does not appear that respondent exceeded its jurisdiction in acting upon the petition; and, fourthly, that the affidavit does not state facts sufficient to justify the court in granting relief. Pending the motion, the affidavit was, by

order of the court, amended, by including therein the body of the petition asking for the removal of the county seat, as follows: "We, the undersigned, your petitioners, whose names are hereto following continuously in this bound book, beginning on page 1 thereof, who are residents and inhabitants of the county of Ravalli, in the state of Montana, and legal voters and qualified electors of said county of Ravalli, pray that the county seat" be removed from Stevensville to Hamilton, and that an election be held to determine whether such removal must be made. The motion to quash the writ was then granted, and judgment entered accordingly. From the judgment, Buck has appealed.

Respondent's brief fails to comply with subdivision 1 of rule 5 of this court (44 Pac. vii.). There is no excuse for its violation and we indulge the hope that counsel will hereafter observe its requirements.

1.   The first ground of the motion to quash is that appellant is not a party beneficially interested, within the meaning of Section 1942 of the Code of Civil Procedure, providing that "The application (for the writ) must be made on affidavit by the party beneficially interested." Respondent insists that in an application for a writ of *certiorari* by a private person his interest must be of a nature which is distinguishable from that of the mass of the community; in other words, that the private person who invokes the writ must show some injury to himself not suffered by his fellows. The rule contended for is always observed in applications for the writ to enforce a private right, and in such case the applicant must disclose some personal or special interest in the matter sought to be reviewed; but where the relief sought is as to a subject of public concern, or is a matter of public right, the question whether the applicant is under the necessity of showing an interest peculiar to himself has been the occasion of irreconcilable conflict in the decisions of the courts.

After a painstaking and thorough examination of the cases treating of the question, we are satisfied that the great weight of authority and the better reasoning establish the rule that,

when the matter sought to be reviewed is one affecting the people generally, and the object of the writ is to inquire into the performance of a duty owing to the public, the applicant is not required to show any direct or special interest in the result, but that his interest as a citizen in having the laws duly executed and tribunals confined within their jurisdiction is sufficient. Moreover, in this state, the question may be deemed no longer open to controversy, for in *Chumasero* v. *Potts*, 2 Mont., at pages 255 and 277, the supreme court of the territory determined that any citizen of Montana may be the relator in an application for *mandamus* where the subject-matter concerns the validity of an election held to decide whether the territorial capital should be removed. That case, it is true, was *mandamus*, but the language of Section 1962 of the Code of Civil Procedure, as to the beneficial interest of the relator in *mandamus*, is identical with that of section 1942 of the same code, with respect to the interest of the applicant for the writ of *certiorari*, "and no reason is perceived why it has not the same meaning in both sections." (*Eby* v. *School Trustees*, 87 Cal. 166, 25 Pac. 240.) Counsel have dwelt at length upon the rule laid down in *Linden* v. *Alameda Co.*, 45 Cal. 7, as a direct and persuasive authority supporting the position of respondent. This case, however, is not only in conflict with *Chumasero* v. *Potts*, *supra*, and opposed by the current of modern opinions, but the principle there announced has been repudiated in *Eby* v. *School Trustees*, *supra*. In sections 229 and 230 of Merrill on Mandamus will be found a citation of numerous cases in which this question was determined.

2. In acting upon the petition, did respondent exercise judicial functions in the sense in which those words are used in Section 1941 of the Code of Civil Procedure? That section provides: "A writ of review may be granted      *      *      * when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy."

Sections 4157 and 4158 of the Political Code are as follows:
Section 4157:  ''Whenever the inhabitants of any county of
this state desire to remove the county seat of the county from
the place where it is fixed by law or otherwise, to another
place, they may present a petition to the board of county
commissioners of their county praying such removal, the place
named in the petition, and that an election be held to deter-
mine whether or not such removal must be made.''    Section
4158:  ''If the petition is signed by qualified electors of the
county, equal in number to at least a majority of all the votes
cast in the county at the last preceding general election, the
board must at the next general election of county officers sub-
mit the question of removal to the electors of the county.''

We entertain no doubt that in determining how many elec-
tors signed the petition, and whether they were equal in num-
ber to a majority of all the votes cast at the election held in
1896, respondent exercised judicial functions, within the mean-
ing of section 1941, *supra.*    It exercised quasi judicial powers
involving judgment and discretion.    Among the many cases
holding to this doctrine, we cite *Herrick* v. *Carpenter*, 54
Iowa 340, 6 N. W. 574; *Champion* v. *Board of Commis-
sioners*, 5 Dak. 416, 41 N. W. 739; *Ellis* v. *Karl*, 7 Neb.
381; *State* v. *Commissioners*, 6 Nev. 100; *Board of Commis-
sioners* v. *Markle*, 46 Ind. 96; *Miller* v. *Jones*, 80 Ala. 89.
Our attention has not been called to, nor has a research dis-
closed, any decisions to the contrary.

3.    The third ground of the motion is that it does not ap-
pear from the affidavit that respondent exceeded its jurisdic-
diction in acting upon the petition, and the fourth ground is
that the affidavit does not state facts sufficient to justify the
court in granting relief.

Section 1947 provides:  ''The review upon this writ cannot
be extended further than to determine whether the inferior
tribunal, board, or officer has regularly pursued the authority
of such tribunal, board, or officer.''

Sections 4157 and 4158, *supra*, clothe the board of commis-
sioners with authority to receive petitions for the relocation of

county seats, and also incidentally, but nevertheless plainly and necessarily, to determine the question whether the petition so filed is signed by electors equal in number to a majority of all votes cast at the last preceding . election. This question must be decided by the board, and the right to hear and determine this question is jurisdiction. The power to decide at all gives the power to decide wrong as well as right. (*Board of Commissioners* v. *Markle, supra.*) Respondent acquired jurisdiction by the filing of the petition, which, it is conceded, purported to be signed by the required number of electors; at least it is not claimed that the petition contained names less in number than a majority of the votes cast in 1896, nor that it did not contain names far exceeding such majority. Whether, in point of fact, it bore the signatures of that number, was a question for respondent to determine (7 Am. and Eng. Ency. Law, 1030), not arbitrarily, but upon evidence adduced before, or information otherwise possessed by, it. It may be admitted, for the purposes of this case, that if an elector (or, perhaps, a citizen not an elector) of the county makes seasonable, specific and definite objection, charging that the petition is not signed by the required number of electors, and tenders proof to establish the truth of his assertion, the duty of the board would be to hear the matter offered (*Crews* v. *Coffman*, 36 Neb. 824, 55 N. W. 265), and that the refusal under such. circumstances to permit the remonstrant to make a showing would render the subsequent action of the board in ordering an election an excess of jurisdiction. Appellant contends that such is the condition presented here, but examination of the affidavit impels us to the contrary view. It states that the board refused to receive any evidence whatever as to the qualifications as electors of the persons signing the petition, and that there was before it, at the time of acting upon the petition and making the order, no evidence showing or tending to show either the number of votes cast in the county at the election of 1896, or how many of the signers were electors. It is not stated that any elector, or, indeed, any person, objected

to the petition for either of the reasons stated, or on any other ground, nor that any offer of evidence was made, nor that the board was not advised in respect of the number of votes cast at the last preceding election. The affidavit also alleges that, before the petition was acted upon, the appellant offered to present evidence to the effect that a large number of signers of the petition were not electors, but that respondent rejected the offer. If evidence had been adduced in accordance with the offer, there is nothing to indicate that the resulting proof would have reduced the number of electors to less than one-half of the votes cast in 1896. Appellant did not offer to prove that the signers who were not electors were sufficiently numerous to invalidate the petition. Although appellant had opportunity to attack it, analysis of the affidavit fails to disclose that any objection was made to the petition while it was pending before the board. (See *Ellis* v. *Karl, supra.*) The petition recites that each signer is a qualified elector of Ravalli county. The presentation of such a petition bearing the requisite number of names was, we think, in the absence of objection and of fraud, sufficient to warrant the board in ordering an election (*Crews* v. *Coffman, supra*), or at least sufficient to enable the court to say that the board regularly pursued its authority in the premises. Whether this action of respondent was founded upon strictly legal, sufficient, or the best evidence is not for the court to decide on *certiorari.* (*State* v. *Ellis,* 15 Mont. 224, 38 Pac. 1079; *Hetzel* v. *Board of Commissioners,* 8 Nev. 359; *State* v. *Board of Commissioners,* 6 Nev. 100. See, also, *Luce* v. *Fensler,* 85 Iowa, 596, 52 N. W. 517; *Currie* v. *Paulson,* 43 Minn. 411, 45 N. W. 854; *Smith* v. *Yoram,* 37 Iowa, 89; *Jackson* v. *People,* 9 Mich. 111.)

The affidavit does not state facts sufficient to show that the respondent has not regularly pursued its authority, and therefore the motion to quash was properly granted on the third and fourth grounds stated therein. It follows that the judgment appealed from must be affirmed, and it is so ordered.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.