[Civ. No. 481. Second Appellate District.—July 1, 1908.]

## E. BARTLETT WEBSTER, Appellant, v. COMMON COUNCIL OF CITY OF SAN DIEGO et al., Respondents.

MANDAMUS—PARTY NOT "BENEFICIALLY INTERESTED"—FRANCHISE FROM HARBOR COMMISSIONERS TO RAILWAY COMPANY.—A resident elector, property owner and taxpayer is not "a party beneficially interested" in procuring a *mandamus* to compel the submission of an ordinance of the city of San Diego to a vote of the people under its charter, confirming the granting of a franchise by the harbor commissioners to a railway company to build a wharf and pier in tide waters within the limits of the city of San Diego. Such railway company is the only party as to whom the law would imply a "beneficial interest" in the procurement of such confirming ordinance.

ID.—REVIEW UPON APPEAL—PRESUMED ABANDONMENT OF FRANCHISE BY RAILWAY COMPANY—IDLE WRIT.—Where the record upon appeal from the order of the superior court refusing the writ of mandate shows that the requisite number of registered electors of the city of San Diego submitted to the common council a proposed ordinance confirming such franchise, to be submitted, under the charter of the city, to the people, and that the council refused to pass the ordinance or to call an election for its submission to a vote of the people; but the record does not disclose that the corporation holding the franchise ever asked or demanded of the city, or of its council, that such ordinance should be enacted, it must be presumed from its failure so to do that it had abandoned the franchise, and would not avail itself of a confirming ordinance, and that it would have been idle for the superior court to grant the writ petitioned for.

ID.—INSUFFICIENT PETITION.—Where the petition for the writ does not aver that the petitioner was one of the electors who had petitioned the council to submit the proposed confirmatory ordinance to a vote of the people, under the charter, it is wholly insufficient to show that he is a party in interest in such submission.

APPEAL from a judgment of the Superior Court of San Diego County, denying an application for a writ of mandate. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

Mills & Hizar, for Appellant.

Geo. Puterbaugh, City Attorney, for Respondents.

TAGGART, J.—Appeal from a judgment denying an application for a writ of mandate. Petitioner is a resident elector, property owner and taxpayer in the city of San Diego. Respondents are members of the common council of said city, which city is organized under a freeholders' charter containing a provision for the enactment of ordinances by direct vote of the electors of the city.

The South Park and East Side Railway Company, a corporation, was granted a franchise to erect and maintain a wharf and pier in the tide lands and waters of San Diego bay by the board of state harbor commissioners for the bay of San Diego, under the provisions of section 2606 of the Political Code, the said pier or wharf so provided to be erected being within the limits of the city of San Diego.

The record does not disclose that the corporation holding such franchise ever asked or requested or demanded of that city, or of respondents, that an ordinance ratifying and confirming said franchise should be enacted, but certain persons by a petition signed by the requisite number of registered electors of said city submitted to said common council a proposed ordinance for that purpose, as provided by section 2 of chapter IV of the charter of that city. This petition was regularly certified by the city clerk, but the common council failed and refused to pass the ordinance so submitted within twenty days after its sufficiency had been certified by the city clerk as required by the charter in such cases, and refused to call a special, or any election, at which said ordinance could be submitted to "a vote of the people." Application was thereupon made by plaintiff and appellant to the superior court of San Diego county for a writ of mandate to compel such submission.

An alternative writ was issued, but upon a hearing on the petition, and answer and demurrer to said answer, judgment was entered vacating said alternative writ and dismissing the petition.

We see no reason for disturbing the judgment of the trial court, nor is it necessary to consider any of the matters alleged in the answer or the issues of law raised thereon by the demurrer thereto, in reaching this conclusion.

A case could not well be presented which would more effectually illustrate the necessity for the rule requiring the

application for the writ to be by "the party beneficially interested." (Code Civ. Proc., sec. 1086.) On the face of this petition the "South Park and East Side Railway Company" is the only party as to whom the law could imply a beneficial interest. For aught that appears here, it has abandoned all the privileges granted it by the harbor commissioners, and has no intention of complying with the terms of it if confirmed by ordinance of the city. It must be presumed that this is the case from its failure to ask for a confirming ordinance.

If we were to assume that petitioner here, as a resident elector or taxpayer, is a competent person to ask the common council to put in action the election machinery of the city for the purpose of passing an ordinance by direct vote, it would be idle for the court to grant his petition in the face of an abandonment of the franchise from the harbor commissioners by the grantee of the franchise. This, however, is not a case in which the taxpayer, resident or elector, as such can be said to be a party beneficially interested. A taxpayer is said to be so interested in a matter which affects, or may affect directly, his assessment or taxes (*Hyatt* v. *Allen*, 54 Cal. 353), or, being a resident elector having minor children of an age to attend school, is affected by the location of a schoolhouse. (*Eby* v. *Trustees*, 87 Cal. 173, [25 Pac. 240].) Again, as a property owner he is beneficially interested in the disincorporation of a municipality in which he is a resident elector and taxpayer. (*Frederick* v. *San Luis Obispo*, 118 Cal. 391, [50 Pac. 661].) The reason for his being considered a party beneficially interested in all these cases is clear, and it is equally clear that no such reason exists in the case at bar.

Neither does the petitioner here bring himself within the class considered by this court in *Good* v. *Common Council*, 5 Cal. App. 265, [90 Pac. 44], nor within the reason there given in sustaining the petitioner's right to be considered a party beneficially interested. Petitioner there was one of the persons who demanded of the common council that it call an election to protect a right granted by the charter to the electors of the city. He was one of the signers of the petition to inaugurate a proceeding, the primary purpose of which was to carry out the wishes of the electors, and they asked that the action be taken upon their behalf, and not on behalf of some corporation or third person.

Petitioner here was not only not beneficially interested in the franchise which he is seeking to have confirmed by ordinance, but he does not even allege that he was one of the petitioners seeking to accomplish the passage of the ordinance by a direct vote.

Judgment affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 27, 1908.