No. 7,708. STATE EX REL. HAYNES ET AL., RELATRICES, *v.*
DISTRICT COURT ET AL., RESPONDENTS.

*Mr. Clyde McLemore, Mr. S. C. Ford* and *Mr. Sam D. Goza,
Jr.,* for Relatrices.

Decided June 4, 1937.

PER CURIAM.—This is an application for writ of supervisory control. By the action in the district court it is sought to enjoin the Secretary of State from notifying the Governor that the petitions for the referendum of Chapter 84 of the Laws of 1937 have been filed in his office, containing a sufficient number of signatures by qualified signers from a sufficient number of counties to suspend the operation of the Act; also enjoining the Governor from issuing the proclamation of suspension of the Act, under section 1, Article V, of the Constitution, and section 102, Revised Codes.

The complaint filed in the district court alleges that upon numerous and various grounds a sufficient number of the signatures on the petitions may not be legally counted thereon to the end that, eliminating these illegal signatures, the petitions are lacking in sufficient valid signatures to operate to suspend the Act under the Constitution. On this verified complaint a temporary restraining order has been issued restraining these high public officials in accordance with the prayer of the complaint, pending the hearing of the order to show cause issued as a part of this restraining order.

After due consideration of this application we have determined that to decide this case will of necessity require the solution of certain questions of fact which appear on the face of the complaint. For this court to assume jurisdiction and determine these questions of fact would require the services of a

referee at least to take and report the testimony which might be offered relating to these questions of fact. The district court has all of the facilities to hear the evidence on the questions of fact and render its decision with expedition and dispatch. Accordingly no reason exists why we should at this time assume jurisdiction for the trial of these issues of fact. However, this case involves questions of great public importance which are so obvious that it is unnecessary for us to here record them, or to point out the reasons which render it imperative that such issues as may be tendered in the cause be determined with all speed conducive to the end that justice and right may prevail.

Now, therefore, it is ordered and adjudged that the application will remain pending before this court until the further order of the court, with leave granted to the parties to apply to this court for further relief if occasion arises, and in the meantime this court, under the proper exercise of its supervisory power, orders and directs the respondent court and the presiding judge thereof to proceed with the trial of all issues, both of fact and law, arising in the case, with all reasonable expedition and dispatch.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

MR. JUSTICE ANGSTMAN:

I dissent. I think the writ should issue. It is my view that the courts have no authority initially to pass upon the qualifications of signers or the genuineness of signatures on a referendum petition. The legislature has reposed that function, first in the county clerks and then in the Secretary of State. (Sec. 101, Rev. Codes; compare *State ex rel. Case* v. *Superior Court*, 81 Wash. 623, 143 Pac. 461, Ann. Cas. 1916B, 838; *Edwards* v. *Hutchinson*, 178 Wash. 580, 35 Pac. (2d) 90.) Only for arbitrary or fraudulent action on the part of the Secretary of State are the courts warranted in interceding. (*State ex rel. Buck* v. *Board of County Commissioners*, 21 Mont. 469, 54 Pac. 939; *State ex rel. Peck* v. *Anderson*, 92 Mont. 298, 13 Pac. (2d) 231.)

The petition in the district court does not question the good faith of the Secretary of State. The charge of forgeries made in the complaint in the district court, and the other irregularities therein asserted to nullify the referendum petitions, are matters which, in my opinion, should be addressed to the Secretary of State and not to the district court.

Whether the Act in question is subject to referendum is, of course, a question for the courts, but to avoid unnecessary delay in determining that question finally, I think we are warranted in issuing the writ, even though there may be right of appeal from the lower court's ruling thereon. (*State ex rel. Jerry* v. *District Court*, 57 Mont. 328, 188 Pac. 365.)