# HENRY BUCK, APPELLANT, *v.* JAMES T. FITZGERALD, AS COUNTY CLERK, ETC., RESPONDENT.

[Submitted October 11, 1898. Decided October 12, 1898.]

*Application to Enjoin Public Act—Interest of Applicant—Pleading—Sufficiency—Assignment of Error.*

1. In an application to enjoin a public officer from performing an official act affecting the people generally, the applicant need not show any special interest in the result.

2. In an action brought to restrain the county clerk from so preparing the official ballots for an election as to include therein the question of the removal of a county seat, the complaint alleged that the persons who made the order under which the clerk was about to act were not the officers authorized so to do, and that in making the order they acted without the proper and necessary evidence before them. *Held*, that the allegations in the complaint are not inconsistent, and that the complaint is not ambiguous, unintelligible or uncertain.

3. A complaint in an action brought to restrain the execution of an order of county commissioners directing that the question of the removal of the county seat should be submitted to the electors, alleged that the commissioners refused to receive evidence as to the qualification of the signers of the petition on which the order was based, although proof was offered to show that a large number of the signers were not qualified. *Held*, that the allegation is insufficient in that it does not state that the evidence offered would prove or tend to show that the petition was not signed by the requisite number of electors.

4. In an action brought to restrain a county clerk from so preparing election ballots as to include therein the question of the removal of the county seat, the complaint al-

leged that the three persons who made the order directing the clerk so to do were not county commissioners (the officials authorized to make such order), and had no right or claim to act as such, but that there were three other persons who held the office, and had duly qualified and assumed the duties thereof. *Held.* that the complaint stated facts sufficient to show that the order was made by those who were neither *de facto* nor *de jure* commissioners.

5. The objections and exceptions taken by the respondent cannot be assigned as error.

*Appeal from District Court, Ravalli County; Frank Woody, Judge.*

APPLICATION for an injunction by Henry Buck against James T. Fitzgerald, as county clerk, etc. From an order refusing the same, the plaintiff appeals. Reversed.

*H. C. Stiff, C. B. Calkins* and *L. J. Knapp,* for Appellant.

*C. B. Nolan, R. A. O'Hara* and *R. Lee McCulloch,* for Respondent.

PER CURIAM.—This is an appeal from an order refusing an application for an injunction to restrain the county clerk of Ravalli county from so preparing the official ballot for the election of November 8, 1898, as to include therein the question of the removal of the county seat from Stevensville to Hamilton. The complaint was attacked by demurrer. The demurrer was sustained, and the injunction refused. The case was submitted on yesterday, and to preserve the rights of the parties immediate decision is necessary.

1. The defendant assails the complaint upon the ground that it does not show that the plaintiff is a person whose interests are distinguishable from those of the mass of the residents of Ravalli county, and that, therefore, he has no standing as the real party in interest. But the allegations of the complaint in respect of the interest of the plaintiff are similar to those made by the applicant for the writ of *certiorari* in *State ex rel. Amos Buck* v. *Board of Commissioners of Ravalli Co.* (decided by this court Oct. 10, 1898) ante p. 469, 54 Pac. 939. We are of the opinion that the principle there announced is applicable here. For the reasons there given, we hold the complaint sufficient in that regard.

2. After stating facts showing the interest of plaintiff, the complaint alleges, in substance, that one Watts, one Lucas and one Williams, assuming to act as the board of commissioners of Ravalli county, had presented to them a petition signed by numerous persons representing themselves to be electors of Ravalli county, asking that the county seat be changed from Stevensville to Hamilton, and that an election be held to determine whether such removal should be made; that neither Watts, Lucas nor Williams was then a commissioner, or had any legal or just claim to act, or attempt to act, in the capacity of county commissioner, and had no right or authority to perform any act as such; that three other persons were then and there the county commissioners, and had duly qualified as such, and had assumed the duties thereof; that Watts, Lucas and Williams failed and refused to receive or consider any evidence tending to show the qualifications of any of the persons who had signed the petition as electors, although at the time it was presented and considered resident taxpaying electors of the county asked to be allowed to introduce proof to show that a large number, to wit, about 300, of the persons signing were not electors; that they did not have before them, nor did they consider, while entertaining the petition and making the order hereinafter mentioned, any evidence as to the number of votes cast at the election held in November, 1896, but based their action solely upon the petition; that at the election of November, 1896, 1,875 votes were cast in the county, and that the petition so presented was not signed by electors of the county equal in number to one-half of the votes cast at that election, nor was the petition signed by more than 700 electors, and that about 35 persons who had signed the petition caused to be presented with the petition a notice of their withdrawal from it; that Watts, Lucas and Williams thereupon made a pretended order, and caused the same to be entered in the journal kept for the purpose of recording the proceedings of the board of commissioners, to the effect that the question of the removal of the county seat as prayed for in the petition be submitted to the

electors of the county on November 8, 1898; that such pretended order was therefore utterly void, though fair upon its face; and that by virtue of such order the defendant will so prepare the official ballot as to submit to the electors the question of removing the county seat. These allegations are said to be ambiguous, unintelligible and uncertain, in that it does not appear therefrom whether the injury threatened arises from the fact that Watts, Lucas and Williams were illegally in office as commissioners, or from an illegal act performed by them while constituting the board of commissioners, or from an illegal act threatened to be performed by the defendant. Succinctly stated, the defendant's position is that it cannot be determined from the complaint whether plaintiff intends to rely upon the fact that Watts, Lucas and Williams were neither *de jure* nor *de facto* commissioners, or upon the fact that, as officers *de facto*, they wrongfully made the order complained of. He urges that the latter position is inconsistent with the former, and that the two cannot stand together. The complaint in this respect is not subject to the objections specifically urged. Allegations that the order was not made by the board of commissioners, and that the persons who made the order acted without evidence other than the petition, which is alleged to be signed by less than the requisite number of electors, are not inconsistent the one with the other, nor do they render the complaint ambiguous, unintelligible and uncertain. If the order was not the act of the board of commissioners *de jure* or *de facto*, it was void; if, in the opinion of the plaintiff, it was for the other reason likewise of no effect, the statement of the facts upon which that reason is based does not inject the element of uncertainty or ambiguity into the averments, nor render them unintelligible; and this is manifest whether the statement of facts be sufficient or not to show the defect in or nullity of the order.

3.    One of the grounds of demurrer is that the complaint fails to state facts sufficient to constitute a cause of action. The averments of the complaint as to the making of the order

without evidence other than the petition, and the refusal to permit proof to show that about 300 of the signers were not electors, are, in substance and effect, the same as those considered in *State ex rel. Buck* v. *Board of Commissioners of Ravalli Co. supra.* In the present case, as in that, the evidence offered is not alleged to have been of such a character as would prove or tend to show that the petition was not signed by electors equal in number to one-half of the votes cast in 1896. Following the rule of that case, we must hold that these allegations are insufficient.

The charge that the persons making the supposed order were not commissioners *de jure* is directly made, and, while it must be conceded that the acts of *de facto* officers are valid, and that persons holding over after their terms, and publicly continuing to exercise the duties and functions of their former positions, are officers *de facto*, we think the allegations of the complaint, reasonably interpreted, are to the effect that Watts, Lucas and Williams were mere usurpers. The facts stated fairly import that the order was made by men who were neither *de jure* nor *de facto* commissioners, and hence that the order was not the act of the board of commissioners, in which alone is lodged the power attempted to be exercised by Watts and his two associates. If it be proved that they were not commissioners *de facto* or *de jure* at the time, the order is, of course, void.

4. The defendant complains of the action of the court in permitting plaintiff to amend the title of the action by substituting "James T. Fitzgerald, as county clerk and recorder," for "James T. Fitzgerald." Objections made and exceptions taken in the court below by the respondent may not properly be assigned as errors here. Furthermore, the transcript does not sustain the assertion of the defendant, since it fails to disclose the title of the cause prior to the amendment.

The order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion. Let *remittitur* issue forthwith.

*Reversed and remanded.*