STATE EX REL. ROCKY MOUNTAIN BELL TELEPHONE COMPANY, RESPONDENT, *v.* MAYOR ETC. OF THE CITY OF RED LODGE, APPELLANTS.

(No. 2,186.)

(Submitted December 1, 1905.   Decided December 18, 1905.)

*Telephone Companies—Municipal Corporations—Use of Streets —Mandamus.*

1.  A telephone company, having the absolute right to use the streets of a city for the erection of its poles and construction of its lines, subject only to such reasonable regulations by the city as to *where in the streets* the poles and other appliances should be placed, cannot compel the city by *mandamus* to designate the streets, avenues and alleys upon which to place its necessary appliances.

*Appeal from District Court, Carbon County; Frank Henry, Judge.*

*Mandamus* by the state, on the relation of the Rocky Mountain Bell Telephone Company, against the mayor and city council of the city of Red Lodge. From a judgment directing a peremptory writ of mandate to issue, the respondents in the district court appeal. Reversed with directions to dismiss proceedings.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is a proceeding in *mandamus* by the state, on the relation of the Rocky Mountain Bell Telephone Company against the mayor and the city council of Red Lodge and the city of Red Lodge. After the formal allegations, the petition sets forth that the relator is desirous of installing a local telephone exchange in Red Lodge, and, in order to do so, it is necessary for the company to erect its poles and construct its lines along all the streets, alleys and avenues of the city which have not already been designated; that it made demand upon the respondents that they make a designation of all such streets, avenues and

alleys in said city, upon which streets, avenues and alleys the company may erect its necessary poles, fixtures, etc.; and that this demand was refused. The prayer of the petition is, that an alternative writ of mandate issue, directed to the respondents, commanding them to make a further designation of all the other streets, avenues and alleys in the city of Red Lodge not already designated, upon which streets, avenues and alleys the company may erect its necessary poles and fixtures for the proper construction and maintenance of its telephone lines and local exchange, etc. Upon this verified petition an alternative writ of mandate was issued, together with an order to show cause. ˙ The alternative writ followed the language of the prayer of the petition as set forth above.

The respondents answered and attempted to show cause why a peremptory writ should not issue. Thereupon the relator moved for judgment on the pleadings, which was sustained and a judgment for relator entered directing the peremptory writ of mandate to issue in terms substantially similar to the commanding portion of the alternative writ mentioned above, and for relator's costs. From this judgment the respondents in the trial court appealed.

Certain specifications of error are made by appellants in their brief, but, under our view of the case, these need not be considered.

Section 1961 of the Code of Civil Procedure provides that the writ of mandate "may be issued by the supreme court or the district court, or any judge of the district court, to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station."

What were the respondents in the trial court (appellants here) asked to do? To designate all streets, avenues and alleys in the city of Red Lodge which had not been designated for the company's long distance system, upon which streets, avenues and alleys the company might erect its poles and construct its

lines for a local exchange. Is this a duty enjoined upon a city or upon its mayor or council?

In *State ex rel. Rocky Mountain Bell Tel. Co.* v. *Mayor etc. of Red Lodge,* 30 Mont. 338, 76 Pac. 758, an application was made for a writ of mandate to compel the city council of Red Lodge to designate where, in the streets, avenues and alleys, the telephone company might place its poles, lines, etc., for the purpose of conducting a long distance telephone business, and upon appeal this court held that the company had the absolute right to use the streets, avenues and alleys for the purpose of conducting such business, subject, however, to the right of the city to make reasonable regulations as to where in the streets the posts, piers and abutments should be placed, the height of the poles to be used, etc. If the company has the right to conduct its business and to use all the streets, alleys and avenues, what is its purpose in asking the city to designate such streets, alleys and avenues? The term "designate" is defined as follows: "To mark out and make known; to point out, to name; to indicate; to show; to distinguish by mark or description; to specify; to call by a distinctive title; to indicate or set apart for a purpose or duty." (Webster's International Dictionary.)

Now, what would this company have the city of Red Lodge do? Name its streets? Point out their boundaries? Or furnish an officer to show the agents of the company where a particular street or alley is located? Or would it have the city give it permission to do business? However convenient it might be to have these things done, the city does not owe this company the duty of doing any of them. As said in the *Red Lodge Case* above: It is the duty of the city to designate the places in the streets, alleys and avenues where the poles, abutments, etc., are to be placed. But the city was not asked to do this, and it is not sought to compel it to do it in this proceeding. If the company asked for what it wanted, it is not entitled to the relief sought and does not need it. If it meant to ask that the city be compelled to designate places in the streets for its poles, etc., as it did in the *Red Lodge Case* above, it failed to express its mean-

ing; and, as it did not ask for the relief to which it might have been entitled, the trial court was not justified in granting relief to which it was not entitled. Had the company asked the city to designate places in the streets, alleys and avenues where its poles, abutments, etc., might be placed, we must presume that the city would have complied. But the city cannot be coerced into doing an idle thing; for had it fully complied with the demand pleaded in the petition, the telephone company would have been no better off than before.

While the particular point upon which we have decided this appeal is not urged in appellants' brief, still this court will not give sanction to a judgment which it would not enforce in contempt proceedings—if such should arise by reason of the failure of appellants to comply with the judgment—and will not consent that the writ of mandate may be made use of for a purpose for which it was not intended, or wherein its use would be vain.

The facts set forth in the petition do not entitle the relator to any relief. The judgment is reversed and the cause remanded to the district court with directions to dismiss the proceedings.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Milburn concur.