STANGE, APPELLANT, *v.* ESVAL ET AL., RESPONDENTS.

(No. 5,253.)

(Submitted May 3, 1923. Decided May 19, 1923.)

[215 Pac. 807.]

*Injunction—Counties—County Printing—Bidder not Qualified —Void Contract—County Commissioners—Powers—Statutory Construction—Taxpayers—Right to Sue.*

Counties—Subject to Legislative Control.
  1. A county is a political subdivision of the state, and, except as the legislature is restricted by constitutional provisions, is subject to legislative regulation and control.

Same—Boards of Commissioners—Powers—Contracts—When Void.
  2. The board of county commissioners has only such authority as is conferred upon it expressly by statute and such additional authority as is necessarily implied from that which is granted expressly, and a contract made by it which is not authorized by law is void.

Same—County Printing—Awarding Contract to Bidder not Qualified—Injunction.
  3. Section 4482, Revised Codes of 1921, provides that the county commissioners shall contract for the county printing with some newspaper which has been published continuously within the county ·for at least one year immediately preceding the awarding of the contract. Two papers submitted bids, one of which had been established in the county about seven months, while the other had been published therein for several years. The contract was awarded to the former. *Held,* in a taxpayer's suit that the district court improperly

3. Injunction against illegal acts of municipal and other public corporations, see note in 2 Am. St. Rep. 92.

denied an injunction to prevent the carrying out of the contract, it having been the duty of the county commissioners, under section 4482, to award the contract to the paper which met the requirement of publication within the county for at least one year preceding the awarding of the contract.

Statutory Construction—Rule.

4. In construing a statute courts will give meaning to every word, phrase, clause and sentence therein if it is possible to do so.

Injunction—Taxpayer may Maintain Suit.

5. A taxpayer may maintain suit to enjoin county officers from paying county funds to one not entitled to receive them, irrespective of the question whether he was or was not injured in a pecuniary sense thereby.

*Appeal from District Court, Daniels County; C. E. Comer, Judge.*

ACTION for injunction by F. D. Stange against G. A. Esval and others, constituting the Board of County Commissioners of Daniels County, and others. Judgment for defendants and plaintiff appeals. Reversed.

*Mr. George Cudihie,* for Appellant, submitted a brief and one in reply to that of Respondents; *Mr. I. W. Choate,* of Counsel, argued the cause orally.

Citing: *State* v. *Livingston etc. Co.,* 34 Mont. 570, 87 Pac. 980; *Hersey* v. *Neilson,* 47 Mont. 132, Ann. Cas. 1915A, 1228, 131 Pac. 30; *Yellowstone County* v. *First Sav. Bank,* 46 Mont. 439, 128 Pac. 569; *Arnott* v. *City of Spokane,* 6 Wash. 442, 33 Pac. 1063; *Green* v. *Okanogan County,* 60 Wash. 309, 111 Pac. 227, 114 Pac. 457; *French* v. *Edwards,* 80 U. S. 506, 20 L. Ed. 702 [see, also, Rose's U. S. Notes]; *Bismarck Tribune Co.* v. *Johnson* (N. D.), 188 N. W. 308–310; *Baum* v. *Sweeney,* 5 Wash. 712, 32 Pac. 778.

*Mr. Paul Babcock,* for Respondents, submitted a brief and argued the cause orally.

The authority of the board of county commissioners to enter into the printing contract in question is derived from sub-

---

5. Various matters in which taxpayers are entitled to injunctive relief, see note in Ann. Cas. 1913C, 892.

division 20 of section 4465, Revised Codes of 1921, defining its powers and from section 4482. The last sentence of the latter section permits the board to exercise its discretion in the case at bar. The first sentence permits no discretion whatsoever in the case at bar. If the first part of 4482 is controlling, then in the instant case there would have been nothing for the board to do but to award the contract to the ''Scobey Sentinel,'' even though it had demanded the full Code rates. If the subsequent part of the section is controlling, then the board had authority, and furthermore it was its duty, to let the contract to the newspaper that in its judgment was most suitable for performing the contract. Inasmuch as this provision is found in the closing paragraph of the section and is contradictory to the opening statement in it, it would appear that the legislature, in adopting the section, intended that the latter clause would govern in case of a conflict such as arises in this instance. (36 Cyc. 1130; *Ex parte Hewlett,* 22 Nev. 333, 40 Pac. 96.)

To the extent, therefore, section 4482 requires the board to enter into the contract with a newspaper published in the county for a period of one year, when there is only one such newspaper or when there is no such newspaper, we submit that the law is unconstitutional and void. (*Helena Consolidated Water Co.* v. *Steele,* 20 Mont. 1, 37 L. R. A. 412, 49 Pac. 382.)

Assuming that the board had the power to let the contract to the newspaper ''that in the judgment of the county commissioners shall be most suitable for performing such work,'' in the absence of fraud, its action will not be disturbed. (High on Extraordinary Remedies, p. 993; *State ex rel. Robert Mitchell Fur Co.* v. *Toole,* 26 Mont. 22, 91 Am. St. Rep. 386, 55 L. R. A. 644, 66 Pac. 496; *State ex rel. Stewe* v. *Hindson,* 44 Mont. 429, 120 Pac. 485; *State ex rel. Lloyd* v. *Rotwitt,* 15 Mont. 29, 37 Pac. 845; Spelling on Injunctions, sec. 1436.)

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The question presented is whether a board of county commissioners may let a contract for the county printing to a newspaper which has not been published continuously in the county for at least one year immediately preceding the awarding of the contract, over the bid of a competing paper fully qualified under the terms of the statute to do the work. The board of county commissioners of Daniels county so contracted with the defendant Joseph F. Dolin, who was the owner and publisher of the "Daniels County Leader." This paper was established in February, 1922. The contract was let on August 7 of that year. At the same time the commissioners had before them the bid of the "Scobey Sentinel," a newspaper which had been published in Daniels county for several years immediately preceding the letting of the contract, and which was otherwise well qualified to do the work. While the commissioners had not advertised for bids, they received those from the "Daniels County Leader" and the "Scobey Sentinel" and considered the same. Each bid was considerably under the statutory rates. After the board had awarded the contract to Dolin, the plaintiff, a citizen, voter and taxpayer of Daniels county, brought this action against the board, the county clerk, the county and Dolin, on behalf of himself and all other persons similarly situated, praying for an injunction enjoining the defendants from carrying out the terms of the contract, either in whole or in part. Upon the hearing the court rendered judgment for the defendants, from which the plaintiff appeals.

The determinative statute governing this matter is section [1–3] 4482, Revised Codes of 1921, which provides, in so far as it is material in this case, as follows: "It is hereby made the duty of the county commissioners of the several counties of the state, * * * to contract with some newspaper, published at least once a week, and of general circulation, published within the county, and having been published continu-

ously in such county at least one year, immediately preceding the awarding of such contract, to do and perform all the printing for which said counties may be chargeable, including all legal advertising required by law to be made, blanks, blank-books, stationery, election supplies, loose-leaf forms and devices, official publications, and all other printed forms required for the use of such counties, at not more than the following prices. * * * The contract shall be let to the newspaper that in the judgment of the county commissioners shall be most suitable for performing said work, * * * provided, that nothing in this Act shall be construed so as to compel the acceptance of unsatisfactory work. * * * No such contract for printing shall extend for a period of more than two years. * * * ''

The word ''published,'' as used in the statute, evidently means printed and published. It refers to a newspaper having its home in the county.

A county is but a political subdivision of the state, and, except as the legislature is restricted by constitutional provisions, is subject to legislative regulation and control. (*Yellowstone County* v. *First T. & S. Bank,* 46 Mont. 439, 128 Pac. 596; *Independent Pub. Co.* v. *Lewis and Clark County,* 30 Mont. 83, 75 Pac. 860.) Its board of commissioners ''is a specially created tribunal, possessing only such authority as is conferred upon it expressly, and such additional authority as is necessarily implied from that which is granted expressly. (*State ex rel. Lambert* v. *Coad,* 23 Mont. 131, 157 Pac. 1092; *State ex rel. Gillett* v. *Cronin,* 41 Mont. 293, 109 Pac. 144).'' (*Ainsworth* v. *McKay,* 55 Mont. 270, 175 Pac. 887.) It ''is a body of limited powers and must in every instance justify its action by reference to the provisions of law defining and limiting these powers.'' (*Morse* v. *Granite County,* 44 Mont. 78, 119 Pac. 286; *Hersey* v. *Neilson,* 47 Mont. 132, Ann. Cas. 1915A, 1228, 131 Pac. 30.) If the board makes a contract that the law does not empower it to enter into, the contract is without validity and void. (*Lebcher* v. *Commissioners,* 9

Mont. 315, 23 Pac. 713; *Missoula St. Ry. Co.* v. *City of Missoula,* 47 Mont. 85, 130 Pac. 771.) Persons contracting with the board are charged with notice of the character and constitution of the entity with which they deal. They contract at their peril. (*Lebcher* v. *Commissioners, supra.*)

That section 4482 is constitutional is beyond doubt. (*Hersey* v. *Neilson, supra.*) But it is contended by the respondents that section 4482 contains contradictory provisions because it says first that it is the duty of the county commissioners to contract with a newspaper "published at least once a week and of general circulation, published within the county and having been published continuously in said county for at least one year immediately preceding the awarding of said contract," and later on says: "The contract shall be let to the newspaper that in the judgment of the county commissioners shall be most suitable for performing said work." There is nothing in this contention. Bearing in mind that courts [4] will give meaning to every word, phrase, clause and sentence in a statute if it is possible to do so (*State ex rel. Thatcher* v. *Boyle,* 62 Mont. 97, 204 Pac. 378; *State ex rel. Bitter Root Valley Irr. Co.* v. *District Court,* 51 Mont. 305, 152 Pac. 745), we have no difficulty in reconciling these two provisions. It seems plain that the only papers which can be considered by the board are those which have been published in the county for one year immediately preceding the awarding of the contract and which have the other qualifications mentioned in the statute; and when there are bids from two or more such papers the commissioners may then use their discretion as to which one shall receive the contract.

That the plaintiff had the right to object when the board [5] of county commissioners departed from the mandate of the law is clear. It may be that the bid of the "Daniels County Leader" is lower than that of the "Scobey Sentinel," but this is not material. If it were merely a question of having the work done cheaply, the commissioners might let the contract to a newspaper published outside of the county or even

outside the state. One purpose of the Act is to intrust the county printing only to a newspaper well established in the county; it is designed to prevent the letting of such contracts to mushroom enterprises which may, and sometimes do, spring up overnight in furtherance of political designs. Whether the plaintiff as a taxpayer would be injured in a pecuniary sense is beside the issue. He was entitled to restrain the county officers from paying the county money to one not entitled to receive it. If there is any special statute applicable to the subject, as is section 1205, Revised Codes of 1921, respecting the expenditure of school funds (*State ex rel. Stephens* v. *Zuck, post*, p. 324, 215 Pac. 806), our attention has not been called to it. The plaintiff had the right to insist upon the enforcement of the law. If every citizen did his duty in this respect, society would be immeasureably benefited,

The commissioners had no discretion in the premises. Under the conditions confronting them they had simply a ministerial duty to perform which was to award the contract for the county printing to the "Scobey Sentinel." While the "Daniels County Leader" might have been otherwise competent and fully as desirable a paper as was the "Sentinel," it did not come within the terms of the law and the board did not have any right to let the contract to it. (*Baum* v. *Sweeny*, 5 Wash. 712, 32 Pac. 778.)

The judgment is reversed and the cause remanded to the district court of Daniels county, with directions to grant the plaintiff the relief prayed for in his complaint.

*Reversed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.