GARRY, RESPONDENT, v. MARTIN, COUNTY CLERK, APPELLANT.

(No. 5,490.)

(Submitted May 26, 1924.    Decided July 7, 1924.)

[227 Pac. 573.]

*Injunction—New Counties—Notice of Hearing—Publication— Insufficiency.*

Injunction—Tax-paying Citizen may Sue to Prevent Holding of Special Election, When.
1.  A tax-paying citizen of a county has the right to invoke the aid of a court of equity to enjoin the holding of a special election for submission of the question of the creation of a new county, on the alleged ground of excess of jurisdiction by the board in ordering it.

Same—Who may Maintain Action, and When.
2.  Generally speaking, where the subject matter of a suit for injunction affects the public—as the illegal expenditure of public funds, or where the object of the writ is to compel the proper execution of the laws and to confine tribunals within their rightful jurisdiction, or to prevent a clear transgression of their authority, any citizen of the state, county or municipality affected may maintain the action.

New Counties—Assessable Wealth of New County—How Determined.
3.  Since under Chapter 96, Laws of 1923, the date on which the county assessment-roll must be completed was changed from the first Monday of October to the third Monday of that month, the board of county commissioners to which a petition for the creation of a new county had been submitted on October 10, 1923, in determining whether the proposed new county was possessed of property of the assessed valuation of at least four million dollars as shown by the last preceding assessment, did not err in taking into consideration the assessment-roll for 1922.

Same—Notice of Hearing of Petition—Manner of Publication.
4.  The board of county commissioners is without jurisdiction to proceed with a hearing of a petition for the creation of a new county unless publication of the notice as required by section 4393, Revised Codes of 1921, has been made; if not so made and the board proceeds with the hearing, its action is void.

Same—Publication "at Least Once a Week for Two Weeks"—What Insufficient.
5.  *Held*, under the rule that where a notice is required to be published at least once a week for a period next preceding a certain date, the word "for" means "throughout" or "during the continuance of" the period prescribed, that the provision of section 4393, Revised Codes, requiring publication of notice of hearing of a petition for the creation of a new county "at least once a week for two weeks next preceding the date fixed for such hearing" means that two full weeks' notice, fourteen days, shall be given, and that therefore publication made for a shorter period of time is insufficient.

*Appeal from District Court, Fergus County, in the Tenth Judicial District; Wm. L. Ford, Judge of the Fourteenth District, presiding.*

SUIT by W. F. Garry against James L. Martin, as County Clerk of Fergus County. Judgment for plaintiff and defendant appeals. Affirmed.

*Mr. R. H. Wiedman,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Charles J. Marshall* and *Mr. Donald Campbell,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This proceeding grew out of an attempt to create from the easterly portion of Fergus county a new county to be named Petroleum.

On November 20, 1923, the board of county commissioners of Fergus county passed a resolution granting the petition praying for the creation of the new county and on November 23 following issued a proclamation and notice of election for the purpose of submitting the proposition for its creation to the electors residing within its proposed territory. The plaintiff, an elector and taxpayer of Fergus county, who was opposed to the movement for the new county, filed a complaint in the district court alleging that unless the defendant as county clerk of Fergus county should be restrained by the issuance of a writ of injunction he would proceed, pursuant to the order of the board of county commissioners, to print and distribute the ballots for the election and furnish them to the officers of each precinct within the proposed new county together with poll lists, tally lists, registers for voters' signatures, ballot-boxes and other election supplies and equipment necessary to hold the election, to the great and irreparable injury and expense of the plaintiff and other citizens, residents and taxpayers of Fergus county. Further allegations were that,

as will appear hereafter, the board was without jurisdiction to entertain the petition or order the election.

Further, that in case a majority of those voting should favor the creation of the new county, the board would begin preparations for the accommodation of the county officers and of the courts within the new county and that the question as to whether a new county had been legally created would cause great embarrassment and confusion in the new county as well as in the old in a number of ways, "all of which will result in a multiplicity of judicial proceedings, great and unnecessary expenditure of public funds, and great and irreparable injury to the citizens and taxpayers" of the proposed new county as well as of the county of Fergus.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer having been overruled and the defendant having refused to plead further the court rendered judgment for the plaintiff granting him the relief prayed for. From this judgment the defendant appealed.

1. Counsel for defendant challenges the right of the plaintiff [1, 2] to maintain this action. We think his position is not well founded. If, as is alleged, the board of county commissioners exceeded its power in ordering the election the plaintiff as a tax-paying citizen may invoke the aid of a court of equity to prevent an illegal expenditure of the public funds. (*Davenport* v. *Kleinschmidt*, 6 Mont. 502, 13 Pac. 249; *Stange* v. *Esval*, 67 Mont. 301, 215 Pac. 807.) Moreover, speaking generally, where the subject matter of the suit affects the public, where the object of the writ is to compel the proper execution of the laws and to confine tribunals within their rightful jurisdiction—or to prevent a clear transgression of their authority—any citizen of the state, county or municipality affected may maintain the action. This court has so held consistently from its earliest days to the present time. (*Chumasero* v. *Potts*, 2 Mont. 242; *State ex rel. Buck* v. *Board*, 21 Mont. 469, 54 Pac. 939; *Buck* v. *Fitzgerald*, 21 Mont. 482, 54 Pac. 942; *State ex rel. Clarke* v. *Moran*, 24 Mont. 433, 63

Pac. 390; *Poe* v. *Sheridan County,* 52 Mont. 279, 157 Pac. 185; *Stange* v. *Esval, supra.*)

2. Plaintiff assigns several reasons why the board of county
[3]   commissioners did not have jurisdiction to order the election. The petition for the creation of Petroleum county was filed with the board of county commissioners on the tenth day of October, 1923. The complaint charges as one reason why the board did not have jurisdiction to proceed that the order of the board determining the sufficiency of the petition, and making the findings required by section 4394, Revised Codes of 1921, was not based on the assessed valuation of the property within the proposed county as shown by the last assessment of Fergus county prior to the filing of the petition; it is alleged in effect that the order was based upon the assessment for the year 1922, whereas it should have been based upon that of 1923.

Section 4390, Revised Codes of 1921, provides: "Nor shall any new county be formed which contains an assessed valuation of property less than four million dollars, inclusive of all assessed valuation as shown by the last preceding assessment, of the county or counties from which such new county is to be established."

In their brief counsel for defendant quoted the provisions of section 2161, Revised Codes of 1921, to the effect that "on or before the first Monday of October" it was the duty of the county clerk to deliver a copy of the corrected assessment-book to the county treasurer; and the language of *Carlson* v. *City of Helena,* 39 Mont. 82, 17 Ann. Cas. 1233, 102 Pac. 39, was called to the court's attention: "The limit of time fixed by law during which the annual roll must be completed is the first Monday in October." That the foregoing provision of section 2161 was then in force was not disputed, but rather conceded, by counsel for plaintiff; he sought to excuse the board for basing its order upon the 1922 assessment by asserting that it had not been possible for the county clerk to complete the 1923 assessment-roll on the first Monday of October because the state board of equalization had not yet certified to the county clerk of Fergus county the assessment of railroads, telegraph and

telephone lines and net proceeds of mines for 1923, saying: "This court knows of its own knowledge that during the period under consideration the state board of equalization was enjoined from functioning and was not then again permitted to function until it would have been too late to have completed the 1923 assessment-roll for the purpose of the hearing on the petition for the creation of Petroleum county."

Upon the postulate that the statute required the assessment-roll to be completed on the first Monday of October we held, and the result from that postulate was inevitable, that the board in basing its order upon the 1922 rather than upon the 1923 assessment proceeded without jurisdiction. Thus we fell into error. The fact was overlooked by us, as well as by counsel, that the Eighteenth Legislative Assembly by Act approved March 7, 1923, changed the date when the assessment-roll shall be completed from the first Monday of October to the third Monday of October. (Sec. 9, Chap. 96, Session Laws 1923.) Counsel for plaintiff, upon motion for a rehearing, calls our attention to the amendment which gives us an opportunity to correct the mistake, which we are glad to do.

3. Upon the theory that section 2161 as it appeared in the [4, 5] 1921 Codes was controlling, we did not deem it necessary to extend the opinion by discussing the sufficiency of the publication of notice given by the county clerk pursuant to the direction of section 4393, although we had considered the point raised and were of the opinion that the publication was not sufficient. By the provisions of that section upon the filing with the clerk of the board of county commissioners of the necessary petition or petitions and affidavits looking to the creation of a new county the clerk is required forthwith to fix a date for hearing "the proof of the said petitions and of any opponents thereto, which date must be not later than thirty days after the filing of such petition with the clerk of said board. The county clerk shall also, at the same time, designate a newspaper of general circulation published in the old counties, but not within the proposed new county, and also a newspaper of general circulation published within the boundaries of the proposed new county, if there be such, in which the said

county clerk shall order and cause to be published, at least once a week for two weeks next preceding the date fixed for such hearing, a notice'' to the effect that a petition has been presented to the board praying for the formation of a new county out of portions of an old county or counties and that the petition will be heard by the board at a time and place designated, ''when and where all persons interested may appear and oppose the granting of said petition, and make any objections thereto.''

Without the publication of the notice as the statute requires the board has no jurisdiction to proceed with a hearing; if it does so its action is wholly void. (*State ex rel. Stevens* v. *McLeish,* 59 Mont. 527, 198 Pac. 357.) In the instant case the notice given by the clerk was dated October 17, 1923. It was published in two papers and but twice in each: In the ''Winnett Times'' on October 26 and November 2; in the ''Fergus County Argus'' October 25 and November 1. November 7 was the time fixed for the hearing. Thus the notice was published in the ''Winnett Times'' for only twelve days next preceding November 7, and in the ''Fergus County Argus'' for only thirteen days next preceding November 7. Was this a sufficient publication under the statute which requires that notice ''be published at least once a week for two weeks next preceding the date fixed for such hearing''?

A week consists of seven consecutive days. (Sec. 4280, Rev. Codes 1921.) Two weeks, fourteen consecutive days, next preceding November 7 began on the twenty-fourth day of October and ended on the sixth day of November.

The subject of publication of notice has given the courts much trouble resulting in some apparent contrariety of decision. This has been caused in the main by difference in the wording of the statutes under consideration by the respective courts, and, as observed by the supreme court of Florida in *Myakka Co.* v. *Edwards,* 68 Fla. 372, Ann. Cas. 1917B, 201, 67 South. 217: ''In each case some word or phrase contained in the particular statute, or the character of the proceedings, leads the court to its particular conclusion.'' In that case the statute under consideration provided for a publication of the notice

once each week for four consecutive weeks. The court said: "The language is not that the order shall be published four times. * * * It specifies the number of weeks, not the number of times."

The New York court of appeals, considering a statute of that state, said: "Section 440 provides for publication for a *specified time,* not less than once a week for six successive weeks. The number of weeks is specified and not the number of times. * * * It does not provide for a publication six times within six weeks, but for a time not less than once a week for six successive weeks." (*Market Nat. Bank* v. *Pacific Nat. Bank,* 89 N. Y. 397.) And such is the case here; the requirement does not have reference to the number of insertions in the newspaper but to the time notice shall be given.

If we follow the construction urged by defendant's counsel, premising that the week immediately preceding November 7 started on the 31st of October and the two weeks on the 24th of October, and that a publication once a week in these two weeks will satisfy the statute, we perceive this result to be possible: If the two papers designated be published weekly, on Monday and Tuesday respectively, one of the publications could have been made on Monday the 29th of October and Monday the 5th of November, both within nine days immediately preceding the day of hearing; the other could have been made on Tuesday the 30th and Tuesday the 6th, both within eight days before the day of hearing. If the publications were made in daily papers the result would be the same. If we take calendar weeks: the first calendar week preceding the week in which the date of hearing was fixed began October 28, the one preceding that, October 21. Here it would have been possible for both publications to have been on October 27 and November 3, once in each calendar week, and both within eleven days next preceding the date of hearing. If daily papers were employed the publications might have been made on October 22 and 29, once in each calendar week, both within eleven days of the date fixed for the hearing and the last publication eight days prior thereto. As it was, the calendar

week theory seems to have been selected and all publications were made in less than two weeks, fourteen days, prior to the time of hearing.

The legislature, in providing that notice should be given to all persons interested in the creation of so important a project as a new county, certainly did not contemplate that less than two full weeks' notice should be given. The command of the legislature is that notice shall be published "at least once a week for two weeks next preceding the date fixed for such hearing."

An examination of the cases construing language similar to that last above quoted will disclose that the weight of authority is to the effect that where a notice is required to be published at least once a week for a period next preceding a certain date, the word "for" means "throughout" or "during the continuance of" the period prescribed, which in this case is fourteen days. (*Myakka Co.* v. *Edwards, supra; Early* v. *Doe,* 16 How. (U. S.) 610, 14 L. Ed. 1079; *Leach* v. *Burr,* 188 U. S. 510, 47 L. Ed. 567, 23 Sup. Ct. Rep. 393, [see, also, Rose's U. S. Notes] ; *Wilson* v. *Northwestern Life Ins. Co.,* 65 Fed. 38, 12 C. C. A. 505; *Bacon* v. *Kennedy,* 56 Mich. 329, 22 N. W. 824; *State* v. *Cherry County,* 58 Neb. 734, 79 N. W. 825; *Finlayson* v. *Peterson,* 5 N. D. 587, 57 Am. St. Rep. 584, 33 L. R. A. 532, 67 N. W. 953; *Dever* v. *Cornwell,* 10 N. D. 123, 86 N. W. 227; *Market National Bank* v. *Pacific National Bank, supra; Parsons* v. *Lanning,* 27 N. J. Eq. 70; *Wright* v. *Harris* (D. C.), 221 Fed. 741.)

In *Early* v. *Doe, supra,* the supreme court of the United States had under consideration a statute providing "that public notice of the time and place of the sale of all real property for taxes due the corporation of the city of Washington, shall be given * * * by advertisement, inserted in some newspaper, published in said city, once in each week, for at least twelve successive weeks." The court held that the advertisement must be for twelve full weeks or eighty-four days. The court said: "Every statute must be construed from the words in it, and that construction is to be preferred which gives to all of them an operative meaning. Our construction of the

statute under review gives to every word its meaning. The other leaves out of consideration the words 'for at least,' which mean a space of time comprehended within twelve successive weeks or eighty-four days. The preposition, *for,* means of itself duration when it is put in connection with time, and as all of us use it in that way, in our every day conversation, it cannot be presumed that the legislator, in making this statute, did not mean to use it in the same way.''

It is clear, therefore, that to have given full two weeks' notice the publication should have appeared three times in each paper published next preceding the date of the hearing.

Counsel for plaintiff calls to our attention *Smith* v. *Collis,* 42 Mont. 350, Ann. Cas. 1912A, 1158, 112 Pac. 1070, but that only serves to illustrate the proposition above adverted to that some word or phrase contained in a particular statute frequently determines its meaning. The statute in that case required the publication to be made ''once a week for four successive weeks'' but it also provided that the publication should be deemed completed upon the fourth publication which, as this court aptly said, furnished the key to its own interpretation. No such condition appears in the instant case, and the decision in *Smith* v. *Collis* does not militate in anywise against the conclusion compelled in this case.

Another interesting question is presented by counsel for defendant, but as the publication was not sufficient to give the board jurisdiction to proceed, which is determinative against the plaintiff, the further question need not be considered.

Paragraph 1 of the opinion handed down June 11, 1924, will stand without change. The error appearing in paragraph 2 thereof is corrected by paragraph 2 of this opinion. The original opinion will be superseded by this one.

Affirmance of the judgment of the district court following necessarily from what is said in paragraph 3 foregoing, the motion for a rehearing is denied.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.