STATE EX REL. RANKIN, PLAINTIFF, *v.* MADISON STATE
BANK, DEFENDANT.

McKINNON, APPELLANT, *v.* REID, RECEIVER, RESPONDENT.

(No. 5,969.)

(Submitted November 13, 1926.   Decided November 30, 1926.)

[251 Pac. 548.]

*Banks — Insolvency — County   Depositories — Designation   by
County Commissioners—Mode Discretionary—Board Minutes
— Parol Testimony — Admissible to Show Action Taken —
Lawful Deposits by County Treasurer—County not Entitled
to Preference Claim.*

County Depositories—Designation by County Commissioners—County
Treasurer Justified in Making Deposits.
1.   Where a board of county commissioners, acting under Chapter
88, Laws of 1913 (Rev. Codes 1921, sec. 4767), had designated a
bank a county depository, the county treasurer was, in the ab-
sence of the statute requiring a periodical designation thereafter,
justified in continuing to make deposits therein upon receipt of
approved securities, until notified to the contrary.

Same—Mode of Designating County Depositories Discretionary With
County Commissioners Under 1913 Statute.
2.   *Held,* that Chapter 88, Laws of 1913, not having prescribed
that the board of county commissioners in designating a bank as
county depository should cause its action to be recorded in its
minutes, the board, under the rule that where the mode of the
exercise of a power granted to it is not prescribed it may use
its own discretion in selecting the mode, could properly choose any
method of making known to the treasurer the bank entitled to
receive county deposits it deemed adapted for that purpose.

Same—County Commissioners—Minutes of Board—Parol Testimony Ad-
missible to Show Action Taken.
3.   Section 4461, Revised Codes of 1921, providing that a board of
county commissioners must cause a minute-book to be kept in
which must be recorded all its orders, decisions, and proceedings,
does not make such record the only evidence admissible to prove
the action of the board nor prohibit oral testimony as to what was
actually done, and, when so proved, its action has the same effect
as though shown by a minute entry.

Same—Insolvency—Designation as County Depository—Parol Evidence
—Admissibility—Lawful Deposit—County not Entitled to Prefer-
ence.
4.   Under the above rules, *held* that where a board of county com-
missioners made an order pursuant to the provisions of Chapter

---

4.   Parol evidence to show facts omitted from county or municipal
record, see note in 13 **Am. St. Rep.** 551.

88, Laws of 1913, designating a certain bank a county depository, but failed to cause such order to be entered in its minutes, the board was properly permitted on a taxpayer's petition to require the receiver of the bank upon its insolvency to recognize the claim of the county as a preferred one on the ground that the deposits therein had been unlawfully made in that the board's order designating the bank a depository had not been entered in its minutes, to prove its action in that regard by oral testimony; that the funds were legally deposited and that therefore the county was a general creditor and not entitled to a preference.

[1]   Banks and Banking, 7 C. J., sec. 543, p. 749, n. 56. Depositaries, 18 C. J., sec. 54, p. 585, n. 39 New; sec. 68, p. 592, n. 95 New.
[2]   Depositaries, 18 C. J., sec. 52, p. 585, n. 26 New. Designate, 18 C. J., p. 971, n. 90, 94, 97, 98.
[3, 4]   Banks and Banking, 7 C. J., sec. 543, p. 749, n. 58. Counties, 15 C. J., sec. 118, p. 466, n. 9, 10, 14; sec. 121, p. 468, n. 57. Depositaries, 18 C. J., sec. 52, p. 584, n. 24

*Appeal from District Court, Madison County, in the Fifth Judicial District; Wm. E. Carroll, a Judge of the Second District, presiding.*

RECEIVERSHIP PROCEEDINGS by the State, on the relation of Wellington D. Rankin, against the Madison State Bank of Virginia City, wherein Alexander McKinnon filed a petition to require Edgar P. Reid, the receiver, to recognize the claim of Madison county as a preferred claim. From an order denying the relief, petitioner appeals. Affirmed.

*Mr. M. M. Duncan* and *Mr. J. R. Jones,* for Appellant, submitted a brief; *Mr. Duncan* argued the cause orally.

*Mr. George R. Allen* and *Mr. Edgar P. Reid,* for Respondent, submitted a brief; *Mr. Allen* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On October 7, 1925, Alexander McKinnon filed, in the matter of the receivership of the Madison State Bank, a taxpayer's petition seeking to require the receiver to recognize the claim of Madison county as a preferred claim; issue was joined and a hearing had. The hearing resulted in an order denying the relief sough , and from this order the petitioner has appealed.

While other questions are raised in the pleadings and by counsel in their briefs, the only contention we need consider is that the funds in the bank, at the time it closed, were illegally deposited and constituted a trust fund, under the authority of *Yellowstone County* v. *First Trust & Savings Bank,* 46 Mont. 439, 128 Pac. 596.

There is no conflict in the evidence, and the facts adduced are substantially as follows: After the passage of the County Depositary Act in 1913 (Chapter 88, Laws of 1913), the board of county commissioners of Madison county met in regular session, with the county attorney in attendance, and discussed the Act, designated all banks of the county, including the Madison State Bank, as county depositories and agreed upon the amount of bonds which should be furnished by each bank; the amount of the bond of the Madison State Bank being fixed at $50,000; they directed the county attorney to draft the form of the bond and notified the treasurer of their action. However, no record was made in the minutes of such meeting of the action taken by the board, nor do the records of the board contain a minute entry of any such action taken at any time; the designation of the bank as a depository and the direction that it should qualify by furnishing a bond in the penal sum of $50,000 being shown by the oral testimony of the then chairman of the board of county commissioners.

In conformity with the direction of the board, the bank furnished an indemnity bond on the form prepared by the county attorney and in the amount required, which bond was duly approved by the board and its approval entered in the minutes of the board and duly filed. Thereafter, continuously, and up to the time the bank closed, the county treasurer deposited the county funds, known by the bank and its officers to be public moneys, in the bank, but only after like indemnity bonds were examined and approved by the board and filed with the treasurer; in fact, the board examined and approved the bonds of the bank at each quarterly meeting of the board during all of said time. Each bond so filed and approved contained the declaration that the bank had theretofore been

designated by the board of county commissioners as a county depository, and the amount of the bond fixed and determined by the board.

The bank closed its doors in 1922, at which time the county had on deposit a sum in excess of $39,000, and had on file the bank's indemnity bond in the sum of $50,000. The claim of the county was allowed as that of a general creditor, and a receiver's certificate for the full amount, with accrued. interest, was issued to and accepted by the county. Thereafter a dividend of ten per cent was declared by the receiver and the county's portion thereof paid to and accepted by the county.

1. The rights of the parties hereto attach as of the date the bank closed in 1922, and therefore, while the Act referred to has been since amended (Sess. Laws 1923, p. 237; Session Laws 1925, p. 239), the controlling statute on the subject is section 4767, Revised Codes of 1921, as it existed prior to the amendments, and which, so far as it need be quoted, reads: "It shall be the duty of the county treasurer to deposit all public moneys in his possession and under his control, * * * in any solvent bank or banks located in his county * * * as the board of county commissioners shall designate, and no other, * * * the treasurer shall take from such bank such security in public bonds or other securities, or indemnity bonds, as the board of county commissioners of such county may prescribe, approve, and deem fully sufficient; * * * no deposit of funds shall be made, or permitted to remain in any bank, until the security for such deposits shall have been first approved by the board * * * and delivered to the treasurer," *etc.*

The intent and purpose of the legislature, in passing the Act, was clearly to insure the safety of public moneys, by requiring the treasurer to deposit such moneys only in solvent banks, designated by the board of county commissioners as meeting the requirements of the statute and satisfying the board, by the furnishing of such security as the board might prescribe and deem fully sufficient, and only after such security had been approved by the board, and in effect requiring the withdrawal

of the funds if thereafter the security furnished became, in the judgment of the board, valueless or insufficient.

2. The statute does not require a periodical designation, and, [1]   if the designation shown to have been made in 1913 meets with the requirements of the statute, the treasurer was justified in continuing to make deposits in the bank until such a time as he might be notified by the board that the designation had been withdrawn, so long as the required bonds were furnished and approved by the board and delivered to him prior to the making of the deposits.

3. Again, if the proof of the action of the board in 1913 was sufficient to establish compliance with the statute, the board fixed and determined the nature and amount of the security to be furnished, and the treasurer was justified in receiving such security, until notified to the contrary, and so long as the bonds furnished were approved by the board and delivered to him.

4. No question is raised as to the solvency of the bank at the [2]   time the deposits, culminating in the balance in the bank at the time it closed, were made, and the question before us is therefore narrowed to whether, under the statute, the action of the board was legal, in the absence of the recording thereof in the minutes of the board meeting.

Had the legislature intended that independent action recorded in the records of the board's meeting should be a prerequisite to the legality of county deposits, it would seem that it would have so declared in the Act under consideration, and, although the Act has been twice amended, as above stated, and in the amendments the legislature has declared that the action of the board in approving the bonds must be entered in the minutes, it left the reference to designation without change, thus indicating a legislative intention that the time and manner of designation were left to the discretion of the board.

The term "designate" means "to mark out and make known, to point out, to name, to indicate. * * * " (Webster's International Dictionary.) (*State ex rel. Rocky Mt. Bell Tel. Co.* v. *Mayor of Red Lodge,* 33 Mont. 345, 83 Pac. 642.)

As the mode of exercise of the power granted was not prescribed, the board was at liberty to adopt any method of making known or indicating to the treasurer what banks were entitled to receive county funds "adapted to the thing proposed" (*Morse* v. *Granite County*, 44 Mont. 78, 119 Pac. 286), unless, elsewhere in the law governing the action of the board, we find a specific direction mandatory upon the board.

5. Petitioner contends that the designation was not sufficient, for the reason that a board of county commissioners has but [3, 4] limited power, and must, in every instance, justify its action with reference to the provisions of law defining and limiting those powers (*Stange* v. *Esval*, 67 Mont. 301, 215 Pac. 807, and *Independent Pub. Co.* v. *Lewis and Clarke County*, 30 Mont. 83, 75 Pac. 806), and in this connection, since section 4461 of the Revised Codes of 1921 requires the board to "cause to be kept" a minute-book, in which must be recorded all orders and decisions made, and the daily proceedings of the board, that board can only speak through its minutes, citing 15 C. J. 466, and notes. This objection was urged against the admission of the oral testimony to the effect that the bank was designated and the nature and amount of security prescribed, and, while there is no specification of error predicated upon the admission of the testimony, we will dispose of the contention as affecting the correctness of the court's final order.

Section 4461 above only requires the board of county commissioners to "cause" the minute-book to be kept, and the mandate as to what shall be entered in the minutes therein is directed to the clerk of the board. This section does not make the record the only evidence admissible to prove the action of the board nor prohibit oral testimony as to what was actually done. The rule against oral evidence to vary the terms of a writing therefore does not apply, and it is generally held that, under such circumstances as those before us, and under such statutes as ours, the mere failure of the clerk of the board to enter the action of the board in the minutes does not affect the validity of the action actually taken, but that such action may be proved by parol testimony and, when so proved, has the same

effect as though shown by a minute entry. (*United States Bank* v. *Dandridge,* 12 Wheat. (U. S.) 69, 6 L. Ed. 552 [see, also, Rose's U. S. Notes]; *United States* v. *Fillebrown,* 7 Pet. (U. S.) 28, 8 L. Ed. 596; *Langsdale* v. *Bonton,* 12 Ind. 467; *Eving* v. *Duncan,* 81 Tex. 230, 16 S. W. 1000; *Rankin* v. *Noel* (Tex. Civ. App.), 185 S. W. 883; *Sims* v. *Milwaukee Land Co.,* 20 Idaho, 513, 119 Pac. 37; *Gillett* v. *Commissioners,* 18 Kan. 410; *City of Troy* v. *A. & N. R. Co.,* 11 Kan. 519; *State ex rel. Barrett* v. *Board of Commrs.,* 42 Kan. 641, 22 Pac. 722.)

While in the interest of accuracy the recording of the designation of banks and other actions taken by the board, as well as the proceedings on approval of bonds, is to be commended, we are constrained to hold that the showing made established the fact that the funds involved were legally deposited in the Madison State Bank, pursuant to the provisions of the then existing Depositary Act, and the county was not entitled to preference. (*Bignell* v. *Cummins,* 69 Mont. 294, 36 A. L. R. 634, 222 Pac. 797.)

For the reasons stated, the order appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES GALEN and STARK and HONORABLE A. J. HORSKY, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, absent on account of illness, concur.