ROSEBUD COUNTY, Appellant, *v.* SMITH, County Treasurer, et al., Respondents.

(No. 6,915.)

(Submitted March 15, 1932. Decided April 9, 1932.)

[9 Pac. (2d) 1071.]

*Mr. F. F. Haynes,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Carolan & Fenton,* for Respondents, submitted a brief; *Mr. Ernest E. Fenton* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This suit was brought by Rosebud county against the defendant Smith as treasurer of the county, and Federal Surety Company, the surety upon his official bond. A demurrer to plaintiff's amended complaint (alluded to hereafter as the complaint) was sustained, with leave to amend, which plaintiff failed to do, and in due time judgment was entered for defendants. Thereupon plaintiff appealed.

The facts briefly stated are these: The Rosebud State Bank, a corporation under the laws of this state, had been designated a depository of county funds by the board of county commissioners of Rosebud county; in order to be designated

a depository the bank had executed to the county an indemnity bond, called a depository bond, for the safekeeping of the county moneys and for their return upon demand, in the sum of $40,000, which was signed by the bank as principal with five sureties who bound themselves respectively as follows: One for $15,000, one for $10,000, and three for $5,000 each. The bond was approved on the eighth day of July, 1926. On August 6, 1926, the superintendent of banks found the Rosebud State Bank insolvent and closed its doors. It had on deposit at that time county moneys protected by the depository bond to the extent of $37,536.35. There was also collateral for the deposit which was held by the county, $8,240.38 in warrants, being the property of the bank. After applying the principal sum of the warrants, together with interest, the bank owed to the county the sum of $28,726.23, which amount it still owes, together with interest.

On November 12, 1926, the court, upon proper proceedings had, appointed a receiver for the bank. On August 21, 1926, the sureties upon the depository bond met with the board of county commissioners at a meeting called for that express purpose, at which all of the commissioners were present, and an agreement was made between the parties that, in lieu of a suit and attachment upon the bond, Rosebud county would accept their promissory notes, secured by real estate mortgages, as security for the funds deposited in the bank belonging to Rosebud county in lieu of the bond. Pursuant to the agreement, the bondsmen, together with their wives, executed to Rosebud county "their promissory notes duly secured by real estate mortgages upon their real estate for the full amount of their liability on said bond for the purpose of giving security for the protection of Rosebud county, Montana, and to avoid the necessity and expense of a suit and attachment on said bond." The notes and mortgages were accepted by Rosebud county "subject to credit for all dividends to be paid to Rosebud county, Montana, from the liquidation affairs of said Rosebud State Bank," and with the agreement that the county "would apply all dividends received by said county

and paid direct to the county treasurer," as indorsements and payments upon the promissory notes of the bondsmen.

The receiver, pursuant to an order of the district court, published in a weekly newspaper of general circulation, printed and published at Forsyth, a notice to creditors to the effect that all persons having claims against the Rosebud State Bank should exhibit them, with the necessary vouchers, within ten months after the first publication of the notice, to the receiver at his office at the Rosebud State Bank. The notice was first published on December 2, 1926.

The record does not disclose who the treasurer of Rosebud county was prior to the 7th of March, 1927, but at the general election held in November, 1926, the defendant Smith was elected. Thereafter he qualified and took office on March 7, 1927. No one in behalf of Rosebud county presented a claim against the bank for the sum of $28,726.23 which had been deposited therein. After the ten months had gone by the receiver declared and paid several dividends to the claimants who had proven their claims pursuant to the notice published by him. But nothing was paid to the county.

It is charged that the defendant Smith as treasurer did negligently and carelessly fail to file the claim and prove the same in conformity with the notice of the receiver, and it is in effect alleged, that if he had presented and proved the claim, the county would have received payments from the receiver amounting to $9,019.13, together with interest thereon. Demand has been made upon the treasurer for the payment of that sum of money, and it is alleged that he and his surety are liable for that sum, and it is said there is no way now in which Rosebud county can recover that sum of money, save and except as a result of this litigation; and that Rosebud county must give to the bondsmen upon their promissory notes credits for the dividends, notwithstanding the fact that Rosebud county has never received the same.

The defendant Smith demurred to the complaint on the grounds that it does not state facts sufficient to constitute a cause of action, and that there is a defect of parties defend-

ant, in that defendant's predecessor in office failed to file or prove any claim for the moneys referred to in the complaint, and that if any liability exists for such failure, his predecessor, together with the surety or sureties upon his official bond, are equally liable with the defendants and should be made parties defendant·in the cause.

The surety company demurred on the ground that there is a misjoinder of parties defendant named in the complaint, for that (a) it appears upon the face thereof that the surety company is liable only for the failure or neglect of Smith as treasurer to faithfully perform all official duties required of him by law at the time of the making of the bond in plaintiff's complaint set forth, and such additional duties as may be imposed on him by any law subsequently enacted, and for the failure or neglect of Smith as treasurer to account for and pay over and deliver to the person or officer entitled to receive the same all moneys or other property that may come into his hands as such treasurer, and (b) that there is not now and never has been during the times mentioned in plaintiff's complaint any provision of law requiring the defendant Smith as treasurer to file or prove any claim for county moneys deposited with insolvent banks; and it appears upon the face of plaintiff's complaint that the moneys sought to be recovered from the defendant herein never came into the hands of the defendant treasurer. The demurrer also set forth the defect of parties defendant as alleged by the defendant Smith. Also, the surety company alleged that the complaint does not state facts sufficient to constitute a cause of action.

The Constitution provides, Article XVI, section 5, that: "There shall be elected in each county the following officers: * * * one treasurer, who shall be collector of taxes. * * * " The specific duties of the treasurer are prescribed in sections 1996 to 2443, inclusive, and sections 4750 to 4772, inclusive, of the Revised Codes of·1921. A careful examination of these provisions shows that they do not specifically impose upon the treasurer any duty to present a claim

to the receiver of an insolvent depository bank for county moneys deposited therein pursuant to section 4767, as amended. (See *post*.)

The treasurer of the county is a ministerial officer. He has no authority other than that conferred on him by statute, either expressly or impliedly, and he is not required to perform any duties not imposed on him by law. (15 C. J. 511.)

Before the enactment of Chapter 88 of the Laws of 1913, amending section 3003 of the Revised Codes of 1907, the treasurer would have been liable upon his official bond for the loss of county moneys deposited by him in a bank. Section 3003, as amended, after becoming section 4767, Revised Codes of 1921, was again amended by Chapter 89 of the Laws of 1923.

We have had occasion to pass upon the duties of a treasurer concerning the deposit of county moneys since the 1923 amendment. In *State ex rel. School District No. 4, Rosebud County* .v. *McGraw,* 74 Mont. 152, 240 Pac. 812, we held that on the deposit of moneys by the treasurer in a designated depository bank the county becomes merely a general creditor of the bank (citing *Bignell* v. *Cummins,* 69 Mont. 294, 36 A. L. R. 634, 222 Pac. 797), and that after the treasurer makes the deposit he is no longer the custodian thereof. He is in fact merely the instrumentality through which the county deposits money in the bank and withdraws it therefrom, disbursing the same only on county warrants issued by the county clerk "based on orders of the board of county commissioners, or as otherwise provided by law." (Sec. 4750, subd. 5, Rev. Codes 1921.)

It is the duty of the county treasurer to "receive all moneys belonging to the county, and all other moneys by law directed to be paid to him, safely keep the same, and apply and pay. them out, rendering account thereof as required by law," according to subdivision 1 of section 4750, supra. But as the law now stands the treasurer may deposit the county funds only in a bank designated by the board of county commissioners, first requiring an indemnity bond, or other prescribed

security, which must be accepted and approved by the board. If he deposits funds otherwise, he does so unlawfully (*Yellowstone County* v. *First Trust & Savings Bank*, 46 Mont. 439, 128 Pac. 596), and is liable upon his official bond. If he complies with the law and the money is lost, he is not liable. In such cases he is liable only through his own neglect, fraud, or dishonorable conduct. (See *County of Missoula* v. *Lochrie*, 83 Mont. 308, 271 Pac. 710; *State ex rel. Rankin* v. *Madison State Bank*, 77 Mont. 498, 251 Pac. 548; *State* v. *Rosman*, 84 Mont. 207, 214, 274 Pac. 850; and see *City of Billings* v. *Massachusetts Bonding & Insur. Co.*, 88 Mont. 91, 290 Pac. 246.)

Whether material or not, the moneys involved here never came into the possession of the defendant Smith as treasurer. When he took over the office from his predecessor, the bank was in the hands of the receiver.

Section 4761 provides that each county treasurer must make a detailed report at every regular meeting. of the board of county commissioners of all moneys received by him and the disbursement thereof, "and of all debts due to and from the county, and of all other proceedings in his office, so that the receipts into the treasury and the amount of disbursements, together with the debts due to and from the county, may clearly and distinctly appear." The presumption is that he made the reports required by this section, and that the board of county commissioners knew at all times the conditions respecting the county deposits and the debts due to and from the county.

There is nothing in any of these statutes which requires the treasurer to present a claim to the receiver of an insolvent bank for moneys owing to the county by the bank.

As noted above, the treasurer was not the custodian of the ▮ money in the bank. The board of county commissioners had directed the treasurer to deposit the county moneys therein, and he had done so. The county commissioners, the executive board of the county, had authority to present the claim to the receiver, and it is not to be doubted that they

had the right to designate an officer to make the claim in behalf of the county. They could, by proper order, have authorized the county clerk, who is the clerk of the board, or the treasurer, or the county attorney, to present the claim. They did not authorize either of them to do so.

If they had insisted upon the payment of the depository bond given by the bank, the bondsmen, having paid the amount due the county, would have been subrogated to the rights of the county, and themselves could have presented the claim to the receiver. Instead of compelling the immediate payment of the bond, the commissioners entered into a new arrangement with the bondsmen and did not take any steps to see that a claim was presented to the receiver for the amount of the deposits due the county. They now seek to establish as a legal proposition that the treasurer was in duty bound to have presented the claim. We do not find any law to sustain their position, and are satisfied that the district court was right in holding that the complaint does not state a cause of action.

The judgment is affirmed.

ASSOCIATE JUSTICES GALEN, FORD, ANGSTMAN and MATTHEWS concur.